UNITED STATES, Appellee

v

PERCY BOLDEN, Private, U. S. Army, Appellant

18 USCMA 119, 39 CMR 119

*Captain Henry C. Chappell, Jr.,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker,* and *Major David J. Passamaneck.*

*Captain Larry S. Seuferer* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick* and *Major Edwin P. Wasinger.*

## Opinion of the Court

DARDEN, Judge:

Appellant Bolden comes before this Court convicted, on his plea of guilty, of assault upon a superior warrant officer, in violation of Article 91, Uniform Code of Military Justice, 10 USC § 891. His sentence of dishonorable discharge, confinement at hard labor for four years, forfeiture of $90.00 per month for four years, and reduction to the lowest enlisted grade was reduced by the convening authority to dishonorable discharge, confinement at hard labor for eighteen months, forfeiture of $35.00 per month for a like period, and reduction to the lowest enlisted grade. The board of review made further modification in the sentence by reducing the period of forfeitures and confinement to thirteen months.

This Court has granted two related issues. They are:

1. Whether the law officer erred to the prejudice of the accused by failing to advise the court-martial of the provisions of 37 USC § 804.

2. Whether the staff judge advocate's failure to advise the convening authority of the provisions of 37 USC § 804 prejudiced the accused.

Pertinent facts are these: After findings, trial counsel provided the court with personnel data on the accused showing that the latter received a total monthly pay of $149.00. He made a monthly Class Q contribution of $40.00 toward family allowance. Testimony by the accused shows that he is the sole support of his mother and younger brother and sister. The total monthly contribution to them, including allotments, is $120.00.

Subsequently, the court members interrupted their deliberations on the sentence with a request for "clarification on pay." The president of the court inquired as to the lowest total pay and allowances of a Private E-1, and whether the Government would continue its contribution to the family allowance if total forfeitures were not adjudged—assuming the continuance of a Class Q allotment. The law officer responded:

"Well, with reference to your last question. It would depend upon the amount of forfeiture, since total forfeitures are authorized in this case. There is no restriction for example, such as two-thirds of his pay less the Class Q allotment or anything of that nature in any case in which total forfeitures are authorized. The court can impose any forfeiture they desire from a minimum of nothing up to the maximum without regard to Class Q allotment or anything else. Whether the Class Q allotment would remain in effect would depend on if there was sufficient money left after the forfeiture for that allotment to continue in effect as to the base pay."

The court then closed. It reopened twenty-five minutes later, and announced the sentence set out above.

Section 804, Title 37, United States Code, provides:

"Pay and allowances do not accrue to an enlisted member of the Army or the Air Force who is in confinement under sentence of dishonorable discharge, while the execution of the sentence to discharge is suspended. (Pub L 87–649, Sept 7, 1962, 76 Stat 486.)"

Appellate defense counsel contend the court members should have been informed that inclusion of a dishonorable discharge in the sentence would render futile the court's obvious effort to allow continuation of the monthly allotment. In counsel's view, the word "suspended" in the above provision relates to any dishonorable discharge, the execution of which has been withheld pending completion of appellate review rather than to just those cases where a dishonorable discharge is suspended for purposes of "automatic remission." This evaluation, maintain appellate defense counsel, conforms to the interpretation inferentially placed upon the same basic language in the predecessor statute (10 USC § 3636) considered by the Court in United States v Cleckley, 8 USCMA 83, 23 CMR 307.

A majority in *Cleckley* interpreted 10 USC § 3636 as a financial statute, separate from, and unrelated to, the power of a court-martial to impose a sentence authorized by military law. Appellate defense counsel urge the Court to adopt the view of the *Cleckley* dissent that:

". . . [W]hen both a nonpay status and a forfeiture of pay result from the same sentence, it seems to me that the two are so inextricably interwoven as to require consideration as a single unit." [*Id.*, at page 87.]

Another argument by appellant is that *Cleckley* should not otherwise be followed "insofar as it prevents the requirement of curative instruction by the law officer as to 37 USC 804." The final defense argument is that *Cleckley*, supra, is factually distinguishable. There, the claim of an irreconcilable sentence conflict was raised for the first time on appeal, while here, the court-martial's intentions were clearly shown, though the law officer failed to provide a proper instructional guidepost for the court to follow in its search for an appropriate sentence.

Appellate Government counsel reply that under United States v Cleckley, supra, and United States v Peterson, 8 USCMA 241, 24 CMR 51, the appellant's sentence is consistent and legal. Hence, failure of the law officer to instruct as desired by the defense cannot now be considered error. Moreover, delay in the execution of a dishonorable discharge until completion of appellate review is not "suspension" of the discharge within the contemplation of 37 USC § 804, say appellate Government counsel. They further argue that the sentence did not, in fact, deprive the accused of pay and allowances.

Other instrumentalities of Government have the authority and responsibility for construing section 804 of Title 37, United States Code. This Court is not required to do so, although we note unreported decisions of the Comptroller General of the United States that the statutes named in *Cleckley* are inapplicable to a member of the armed forces who is sentenced to a dishonorable discharge that is suspended (in the sense of remission) and who is then returned to duty. (Isaac Rolneck, A-13841, August 12, 1926; Herbert W. Eaden, A-30370, January 30, 1930; Julian M. Harper, B-35120, July 29, 1943, all unpublished.)

We believe the issues presented in the instant petition are moot for two reasons. First, it appears that the enlistment of the accused expired before action by the convening authority on the court-martial sentence. Consequently, the pay and allowances of the accused terminated by operation of other law irrespective of the action by the convening authority on the court-martial sentence. Second, if the enlistment had not expired, it still appears that the accused would have continued to accrue pay and allowances for the period intervening between action by the convening authority and the end of appellate re-

**121**

view. We are unaware of any authoritative determination that paragraph 70506 of Part 7, Chapter 5, Military Pay and Allowances Entitlements Manual (January 1, 1967), below, is inconsistent with or limited by 37 USC § 804 under the circumstances of this case. Paragraph 70506 provides:

"Pay and allowances of an enlisted member of the Amry [sic] or Air Force who is in confinement under sentence of a dishonorable discharge, the execution of which has been suspended, accrue only until the affirmance of the discharge upon the completion of the required appellate review under Article 71 of the Uniform Code of Military Justice."

Since in this case the convening authority did not suspend (in the sense of remission) the dishonorable discharge, the appellant could have suffered no disadvantage, in the absence of proof that paragraph 70506 of Part 7, Chapter 5, of the Military Pay and Allowances Entitlements Manual, supra, is applied in a manner different from its apparent meaning.

Without reaching a reexamination of the Court's decision in *Cleckley*, we answer both of the granted issues in the negative.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.