UNITED STATES, Appellee

v

RONALD GRADY, Sergeant, U. S. Army, Appellant

19 USCMA 122, 39 CMR 122

No. 21,543

February 7, 1969

*Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker,* and *Major David J. Passamaneck* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel David Rarick, Major Edwin P. Wasinger,* and *Captain Larry S. Seuferer* were on the pleadings for Appellee, United States.

PER CURIAM:

Appellant has been convicted by general court-martial of the theft and sale of a grenade launcher, property of the US Government, in violation of Articles 121 and 180, Uniform Code of Military Justice, 10 USC §§921 and 980, respectively. He was sentenced to dishonorable discharge, confinement at hard labor for one year, and reduction to Private E-1. The findings and sentence have been approved by the convening authority and affirmed by the board of review without change. We granted the appellant's petition for review to consider two issues:

1. Whether the staff judge advocate's failure to advise the convening authority of the provisions of 37 USC § 804 prejudiced the appellant.

2. Whether the law officer erred to the prejudice of the appellant by failing to advise the court-martial of the provisions of 37 USC § 804.

As shown above, the sentence given this accused does not include forfeitures of pay. Nonetheless, a question arises whether he will accrue pay in light of section 804, Title 37, United States Code, which provides:

"Pay and allowances do not accrue to an enlisted member of the Army or the Air Force who is in confinement under sentence of dishonorable discharge, while the execution of the sentence to discharge is suspended. (Pub L 87-649, Sept 7, 1962, 76 Stat 486.)"

The crucial question is whether the word "suspended," in section 804 of Title 37, United States Code, means (1) that the execution of the discharge sentence is merely withheld until the end of appellate review or (2) that the execution of the discharge sentence has been provisionally delayed pending good conduct of the accused and that the discharge may later be remitted. If the first meaning is accurate, pay and allowances do not accrue to the appellant in this case after the date the convening authority acted on his sentence. If the latter meaning is the correct one, the appellant in this case continues to accrue pay and allowances, because the convening authority approved the sentence to dishonorable discharge.

The Court considered the same issue in United States v Bolden, 18 USCMA 119, 39 CMR 119. For one of the reasons expressed in that opinion, we think the issue in this case is also moot. In *Bolden*, we said that "We are unaware of any authoritative determination that paragraph 70506 of Part 7, Chapter 5, Military Pay and Allowances Entitlements Manual (January 1, 1967), below, is inconsistent with or limited by 37 USC § 804 under the circumstances of this case." *Id.*, at page 122. That observation applies equally to the instant case.

The decision of the board of review is affirmed.