UNITED STATES, Appellee

v

ARTHUR HANS HALVORSEN, Electrician's Mate Fireman,
U. S. Navy, Appellant

19 USCMA 107, 41 CMR 107

No. 22,199

December 5, 1969

*Commander E. M. Fulton, Jr.,* JAGC, USN, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Norman A. Wulf,* JAGC, USNR.

*Lieutenant Colonel Charles J. Keever,* USMC, argued the cause for Appellee, United States. With him on the brief were *Colonel C. R. Larouche,* USMC, *Commander Richard L. Fruchterman, Jr.,* JAGC, USN, and *Captain Charles E. Patterson,* USMCR.

## Opinion of the Court

DARDEN, Judge:

Having pleaded guilty, the accused was convicted by a general court-martial of absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, and sentenced to a bad-conduct discharge, confinement at hard labor for twelve months, reduction to the grade of E–1, and to forfeitures of "one-half of all pay and allowances." The convening authority approved the findings but only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for twelve months, reduction to the pay grade of E–1, and "forfeiture of $54 per month for twelve months." A board of review later affirmed. The question now is whether the convening authority's action increased the forfeiture punishment of the sentence imposed by the court-martial.

Appellate defense counsel has informed us, however, that Halvorsen's enlistment expired during his unlaw-

ful absence, that he is therefore not entitled to pay and allowances, since he has not been returned to duty, and that this makes the issue moot. By motion, defense asks that we entertain the new issue of whether the law officer prejudicially erred by his failure to instruct the court that the accused was not entitled to pay and allowances.

We hold that under the circumstances obtaining here, the issue has become moot.

In United States v Bolden, 18 USCMA 119, 39 CMR 119, the accused was given a sentence that included a dishonorable discharge and forfeitures of $90.00 per month for four years. The issues in the case were whether the law officer and staff judge advocate prejudicially erred in failing to advise the court-martial and the convening authority of the provisions of section 804, Title 37,

United States Code.[1] We considered the issues no longer in dispute, one reason being that Bolden's enlistment expired before the convening authority's action on the sentence.[2] "Consequently, the pay and allowances of the accused terminated by operation of other law irrespective of the action by the convening authority on the court-martial sentence." United States v Bolden, supra, at page 121. The analogy to the instant case is close enough to indicate a similar result.

If Halvorsen is not entitled to pay and allowances, his sentence, in effect, has been lessened, for had the court known of his nonpay status it seems likely that another part of the imposed sentence would have been increased correspondingly. An instruction to the court that the accused was entitled to no pay and allowances probably would have been a disservice to the accused. Not so instructing could work only to Halvorsen's advantage. The additional issue suggested by the appellate defense counsel for our consideration is thus without merit.

Accordingly, the defense motion to argue the new issue is denied and the decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.

---

[1] "Pay and allowances do not accrue to an enlisted member of the Army or the Air Force who is in confinement under sentence of dishonorable discharge, while the execution of the sentence to discharge is suspended. (Pub L 87–649, Sept 7, 1962, 76 Stat 486.)" Section 804, Title 37, United States Code.

[2] Under Article 57(a), Uniform Code of Military Justice, 10 USC § 857, forfeitures apply to pay and allowances becoming due on or after the date a sentence is approved by the convening authority.