# UNITED STATES

v.

**Sergeant David S. HARRINGTON, FR 573–27–5720 United States Air Force.**

### ACM 23759.

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 Sept. 1982.

Decided 6 May 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before KASTL, RAICHLE and SNYDER, Appellate Military Judges.

## DECISION

PER CURIAM:

Sergeant Harrington and the convening authority entered into a pretrial agreement, limiting an approved sentence to a bad conduct discharge, *confinement at hard labor for two years, total forfeitures* and reduction to airman basic.

At trial, the military judge, sitting alone, announced a sentence of a bad conduct discharge, *confinement at hard labor for 20 months, total forfeitures* and reduction to airman basic.

After announcing his sentence, the military judge referred to the pretrial agreement and opined that, in relation to forfeitures, "... the limitation there would be

---

applied to the 20 months the court adjudged rather than the two years that was agreed on between the accused and the convening authority."

The convenor ultimately approved a sentence of a bad conduct discharge, *confinement at hard labor for 20 months, total forfeitures for 24 months* and reduction to airman basic.

In the sole assignment of error, the accused now argues that the convening authority should have approved total forfeitures for only 20 months.

We disagree. The approved sentence is within the maximum punishment authorized, within the terms of the pretrial agreement, and within the sentence imposed by the court. In short, we see no reason to change it. The above cited comment of the military judge was simply an observation; it does not operate to change the negotiated agreement. See generally *United States v. Combs*, 15 M.J. 743 (A.F.C.M.R.1983).*

The findings of guilty and the sentence are

AFFIRMED.

---

* We note that, as a result of administrative provisions, the accused would in no event suffer *total* forfeitures for 24 months if he were returned to duty. See Department of Defense Military Pay and Allowances Entitlements Manual, paragraph 70508d. However, the mere fact that the pay rules might operate in the future to prevent the execution of some forfeitures is no reason now to adjust a legal sentence.