**UNITED STATES**

v.

**Wilfredo MARTINEZ, Fireman Apprentice, U. S. Coast Guard.**

**CGCMS 23140.**
**Docket No. 788.**

U. S. Coast Guard Court of Military Review.

Sentence Adjudged 2 May 1975.

Decided 30 Jan. 1976.

Appearances: Military Judge: CDR Frederick F. Burgess, Jr., USCG; Trial Counsel: LT Edward J. Richardson, USCGR; Defense Counsel: LT Michael C. Grace, USCG.

OPINION OF THE COURT

ROSENWASSER, Chief Judge:

At his trial by a military judge sitting alone as a special court-martial, the accused pleaded guilty to two AWOLs, one being of four days duration and the other about eight months. After the findings he testified at length in extenuation and mitigation. He made it clear that he earnestly desired a discharge from the Coast Guard. He asked for a bad conduct discharge but also asked that no confinement be imposed.

The defense also presented the testimony of the accused's foster father supporting his request for a bad conduct discharge with no confinement. Defense counsel argued that such a sentence would be in the best interests of all concerned.

The judge had before him evidence showing four mast punishments and a previous conviction by special court-martial for AWOL and missing ship through neglect. He sentenced the accused:

To be discharged from the service with a bad conduct discharge, to be reduced to the grade of Seaman Recruit, to pay to the United States a fine of $500 and to be confined at hard labor until said fine is paid, but for not more than three months.

The convening authority deferred service of the confinement and, on 16 July 1975, when the accused paid the fine, he remitted the confinement and approved the rest of the sentence. The district commander approved on 26 September 1975.

■ When, as here, an accused pleads guilty, the military judge must explain to him the meaning and effect of the plea. Para. 70*b*(2) MCM 1969 as amended 27 January 1975; *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). The explanation he gives *must* include the following:

> The maximum authorized punishment, including permissible additional punishment (127c, Section B), as appropriate, which may be adjudged upon conviction of the offense; . . . (Para. 70*b*(2) as amended).

In the course of the guilty plea inquiry in this case, the military judge did what he was required to do and stated to the accused "the maximum authorized punishment." The record shows, at page 13:

> MJ: Fireman Apprentice Martinez, on your plea of guilty alone you could lawfully (be) sentenced to the maximum punishment authorized in this case. The maximum punishment is as stated by your counsel, namely a bad conduct discharge, confinement at hard labor for six months, forfeiture of two-thirds per—pay per month for six months and reduction to the lowest grade. Do you have any questions as to the sentence that could be imposed as a result of your pleas of guilty?
>
> DEF: No, I do not Your Honor.

■ A fine is not a lesser form of punishment than forfeiture of pay. It is a more severe punishment. A fine can be mitigated to forfeiture of pay, but forfeiture of pay can not be "mitigated" to a fine. *United States v. Cuen*, 9 U.S.C.M.A. 332, 26 C.M.R. 112 (1958).

When a special court-martial sits with members, the members adjudge the sentence; but the military judge must instruct them before they do so. His instructions "mark out the legal framework within which the court may properly exercise its powers." *United States v. Crawford*, 12 U.S.C.M.A. 203, 30 C.M.R. 203 (1961). In *Crawford*, the Court ruled that because the instructions given did not mention the punishment of reduction in grade, the imposition of that punishment as part of the sentence was illegal and had to be set aside.

■ Similarly here, where the military judge is the court and imposes the sentence, but the accused has pleaded guilty and the judge has declared the maximum authorized punishment, his declaration "marks out the legal framework within which the court may exercise its powers." The judge did not declare that a fine was authorized; therefore he could not legally impose a fine.

It may be noted further that the fine was at best questionably appropriate. Both the Military Judges' Guide (DAPAM 27–9) and the Manual for Courts-Martial, para. 126*h*(3) state:

> A fine normally should not be adjudged against a member of the armed forces unless the accused was unjustly enriched as the result of the offense of which he was convicted.

AWOL is not an "unjust enrichment" offense.

The findings of guilty are affirmed. The fine was illegally adjudged and, although paid, must be returned to the accused. Only so much of the sentence as provides for a bad conduct discharge and reduction to the grade of Seaman Recruit is approved.

Judges MAGUIRE and BRIDGMAN (concurring).

Judge LYNCH (dissenting).

Judge YOUNG did not participate in the decision of this case.

LYNCH, Judge dissenting:

The Opinion of the Court states simply that if, during the inquiry into the providence of a guilty plea, the military judge fails to explain to the defendant that the maximum punishment to which he may be subjected as a result of his plea includes a fine, then any portion of a sentence which includes a fine is illegal. I do not believe this to be the law.

The Court correctly cites *United States v. Cuen*, 9 U.S.C.M.A. 332, 26 C.M.R. 112, as authority for the proposition that a fine is a more severe form of monetary punishment than is a forfeiture. The Court correctly cites *United States v. Crawford*, 12 U.S.C.M.A. 203, 30 C.M.R. 203, as authority for the principle that a court is bound by the instructions given to it by the presiding official; and if those instructions impose limitations on the maximum punishment below that actually authorized, the court may not exceed the limit instructionally imposed.

It is interesting to note that Judge Latimer, dissenting in *Crawford*, specifically referred to the Court's decision in *Cuen*, and stated at page 207, 30 C.M.R. 203

There my associates assumed and discussed at length the legality of a sentence which imposed a fine. Under their interpretation of certain sanctions, they concluded a fine was greater punishment than a forfeiture, but not one word was said about any part of the sentence, much less that portion imposing a fine, being illegal for lack of instructional guidance.

I fail to see how this Court can combine *Cuen* and *Crawford* to reach the conclusion that the military judge's failure, during the inquiry into the providence of a guilty plea, to mention a fine as being part of the maximum punishment which could be imposed as a result of a guilty plea, renders the ultimate imposition of a fine illegal. At most, the failure to properly advise the defendant of the maximum punishment to which his plea subjects him, could result in a claim that the guilty plea was improvident because of the erroneous and misleading advice. In the absence of any other

evidence, however, such an argument would carry little weight since it is fair to assume that prior to permitting a defendant to enter a plea of guilty, a qualified defense counsel would have discussed all aspects of possible punishments with his client.

Had the Court in the instant case decided to disapprove so much of the sentence as extends to a fine as being incorrect in fact, and inappropriate, I might have joined. However, I must dissent from the Court's holding that the imposition of a fine in this case was illegal and the reasoning upon which this holding is based.