UNITED STATES, Appellee,

v.

Robert G. BROWN, Private, U.S. Army, Appellant.

No. 31,442.

U. S. Court of Military Appeals.

Sept. 3, 1976.

---

*Captain Stephen D. Halfhill* argued the cause for Appellant, Accused. With him on the briefs were *Colonel Alton H. Harvey* and *Captain Lawrence E. Wzorek.*

*Captain William C. Kirk* argued the cause for Appellee, United States. With him on the briefs were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Captain John F. DePue,* and *Captain Regis J. McCoy.*

## OPINION OF THE COURT

COOK, Judge:

On his plea of guilty, a special court-martial convicted the accused of several offenses involving transactions with substances proscribed by Army Regulation 600–50, including wrongful sale, and sentenced him to a bad-conduct discharge, reduction to Private E–1, confinement at hard labor for 4 months, and a fine of $1,200. We granted review to consider whether, during the inquiry into accused's understanding of the consequences of a plea of guilty, the trial judge erred to accused's prejudice by failing to inform him he was subject to a fine, as an alternative to forfeiture of pay and allowances.

Military law requires an extensive preliminary examination of an accused before acceptance of a proffered plea of guilty. Among other things, the examination must demonstrate the accused's understanding of the punishment to which he may be subject in the event of conviction on his plea. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). A substantial misunderstanding on the part of the accused as to the punishment which may be adjudged is ground to vacate the plea. *United States v. Harden,* 1 M.J. 258 (1976). The requisite

examination was conducted in this case, and, in the course thereof, the accused was advised that the maximum punishment was a bad-conduct discharge, confinement at hard labor for 6 months, reduction to the grade of Private E–1, and forfeiture of two-thirds pay per month for 6 months. The accused acknowledged that he understood the sentence and indicated he had no questions as to it.

After announcement of the sentence, the accused and his counsel expressed no surprise at, or objection to, inclusion of the fine. Similarly, during the review of the case by the convening authority, and after receipt of a copy of the staff judge advocate's post-trial advice, the defense interposed no challenge to the staff judge advocate's representation that the plea of guilty had been properly received by the trial judge. However, we are now urged by the accused to invalidate his plea of guilty because, in his words, "there is no way . . . to determine whether . . . [he] would have pleaded guilty" had he been properly apprised that a fine could be substituted for a forfeiture.

There are legal differences between a fine and a forfeiture of pay and allowances. Among them is the fact that a fine survives termination of entitlement of pay and can be collected by execution out of other property of the accused. *United States v. Cuen,* 9 U.S.C.M.A. 332, 339, 26 C.M.R. 112, 119 (1958). A fine, however, can only be imposed instead of a forfeiture; and more importantly, in the case of a special court-martial, the fine cannot be in an amount "in excess of the total amount of forfeitures which may be adjudged." Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 126*h*(3). Thus, a fine in an amount less than or equal to, the allowable forfeiture of pay and allowances cannot be regarded as significant in terms of the pecuniary loss suffered by the accused. That situation is present here.[1] As the record

---

1. In other circumstances, such as expiration of the accused's term of enlistment during confinement, application of pay regulations may result in forfeiture of pay different in total

indicates that accused's basic pay was $383.40 per month, forfeiture of two-thirds pay for 6 months, the period of forfeiture to which accused was subject by law, would have amounted to $1,533.60, which is more than the amount of the fine imposed. Additionally, there is here no substantial difference between the fine and the forfeiture in regard to the means of collection. Applicable regulations authorize the Government to collect a fine "by deduction from the member's current pay" or by deduction on "settlement" of his pay account at discharge. Department of Defense Military Pay and Allowances Entitlements Manual, paragraphs 70501b (change 39) and 70507b(1) (change 41).

Although no more than two-thirds pay each month could have been deducted under the forfeiture provision outlined by the trial judge as part of the maximum sentence, in contrast to deduction of the full amount of pay subject to a fine, that difference, in our opinion, is more than offset by the fact that a forfeiture is usually effective as of the date of the convening authority's action, but, as the Court of Military Review noted below in modifying the action of the convening authority, a fine cannot be collected until after the conviction has become final, which has not yet occurred. It would appear that the accused has not suffered any substantial disadvantage in regard to his pay account. Nevertheless, appellate defense counsel maintain the accused is worse off financially with the fine than he would have been with the forfeiture because the amount of a forfeiture is excludable from gross income for income tax purposes, while a fine is neither excludable from income nor usable as a deduction. See Int.Rev.Code of 1954, § 162(f). We are not informed whether this difference will actually subject the accused to a larger income tax, but, even if it does, there are so many variables in com-

putation of the amount of tax an individual may pay that, in our opinion, the tax consequence of a sentence is so collateral to the determination of an appropriate sentence by a court-martial as not to be a proper subject for inquiry in connection with the accused's understanding of the effect of his plea of guilty. *See United States v. Pajak,* 11 U.S.C.M.A. 686, 29 C.M.R. 502 (1960); *United States v. Turner,* 14 U.S.C.M.A. 435, 34 C.M.R. 215 (1964).

The decision of the U.S. Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge PERRY concur.

amount from that of the forfeitures included in the maximum punishment to which the accused is subject by reason of the offenses of which he was convicted. *See* Department of Defense, Military Pay and Allowances Entitlements Manual, paragraph 10316b(2); "The Partial Forfeitures Myth and the DOD Pay Manual," 3 THE ADVOCATE No. 5 (June-July 1971).

Whether in such circumstances, the consequence of the pay regulations may properly be considered in calculating the monetary difference between the adjudged fine and the total forfeitures need not now detain us. *See Hurt v. Cooksey,* 19 U.S.C.M.A. 584, 42 C.M.R. 186 (1970); *United States v. Halvorsen,* 19 U.S.C. M.A. 107, 41 C.M.R. 107 (1969).