**UNITED STATES**

v.

**Master Sergeant Lynn D. COMBS, FR 562–58–4803 United States Air Force.**

**ACM 23588.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 April 1982.

Decided 7 Jan. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alfred E.T. Rusch, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major George D. Cato and Major Michael J. Hoover.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

MILLER, Judge:

The accused was convicted, pursuant to his pleas, of committing sodomy with, and lewd and lascivious acts upon, his eleven year old step-daughter in violation of Articles 125 and 134, U.C.M.J., 10 U.S.C. §§ 925, 934. His approved sentence consists of a bad conduct discharge, confinement at hard labor for 5 years, and forfeiture of $100.00 per month for 24 months.

The military judge originally sentenced the accused to a bad conduct discharge, confinement at hard labor for 5 years, and a fine of $7,500.00. But [as noted in the Review of the Staff Judge Advocate], because M.C.M., 1969 (rev.), para. 126h(3) "provides that a fine normally should not be adjudged against a member of the armed forces unless the accused was unjustly enriched as a result of the offense of which he was convicted," the reviewing authority converted the $7500.00 fine into a forfeiture of $100.00 per month for 24 months.

We, here, hold that the monetary portion of this approved sentence cannot be affirmed because: (1) the pretrial agreement failed to specifically mention any disposition with respect to monetary fines and (2) the military judge failed during his Care[1] inquiry to advise the accused that the maximum imposable sentence pursuant to his plea of guilty could include a monetary fine.

We, also, decide that the terms of a valid pretrial agreement cannot be modified following announcement of a sentence in open court and that M.C.M., para. 126h(3), does not preclude courts-martial from sentencing personnel to fines, regardless of the fact that such personnel were not unjustly enriched by the offenses for which they were convicted.

The facts pertinent to these particular issues can best be described by the following recitation from portions of the trial transcript, as indicated:

[During the Care inquiry]

MJ  I perceive the maximum punishment in this case to be a dishonorable discharge, confinement at hard labor for 27 years, total forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. Any exception taken by counsel?

[Still during the Care inquiry, but after both counsel indicated agreement with the preceding statement and the military judge had ascertained that neither counsel anticipated any issue regarding multiplicity]

MJ  Sergeant Combs, on your plea of guilty alone you could lawfully be sentenced to the maximum punishment authorized. In this case the maximum punishment for the offenses to which you propose to plead guilty is the punishment I have just discussed with counsel. Do you have any questions concerning that maximum punishment?

ACC  No, sir.

MJ  Do you have any questions as to the sentence that could be imposed as a result of your plea of guilty?

ACC  No, sir.

MJ  The maximum sentence?

ACC  No, sir.

1.  *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

MJ   Do you have any questions with respect to the maximum sentence that could be imposed as a result of your plea of guilty?

ACC   No, sir.

　　*　　*　　*　　*　　*　　*

MJ   Have you entered into any pretrial agreements with the convening authority?

ACC   Yes, sir.

　　*　　*　　*　　*　　*　　*

MJ   ... Now without discussing the particular contents of that document, are the limitations on sentence contained in Appellate Exhibit III [the portion of the pretrial agreement pertaining exclusively to sentencing limitations] the limits you agreed to?

ACC   Yes, sir.

MJ   Do you understand these limitations?

ACC   Yes, sir.

MJ   Do you understand that if the court sentences you to less than the limits in Appellate Exhibit III, the convening authority cannot increase the sentence?

ACC   Yes, sir.

MJ   Any further comment with respect to the maximum punishment?

[Both defense and trial counsel responded that they had none.]

[Following sentencing arguments (neither of which mentioned the possibility of imposing a fine as opposed to forfeitures)]

MJ   Sergeant Combs, it is my duty as military judge to inform you that the court sentences you to be discharged from the service with a bad conduct discharge, to be confined at hard labor for five years, and to pay to the United States a fine of $7,500.00.

I request that consideration be given to suspending the bad conduct discharge should the accused progress suitably in his rehabilitative efforts, and that consideration be given to suspending the fine should the accused contribute a similar amount to a public or private organization devoted to providing crisis and long-term assistance to child victims of sexual abuse.

I have determined that the sentence announced is appropriate in light of all the circumstances of the case independent of any suspension effected by the convening authority. My request for consideration of suspension should in no way be perceived as an attempt in any way to limit the discretion of reviewing authorities in action on this sentence, nor should it be perceived in any way.as impeaching what I emphatically believe to be an otherwise appropriate punishment in this case. You may be seated.

Counsel will please provide me with Appendix "B", which I will mark as Appellate Exhibit XI, I believe.

ATC   I believe we had—

MJ   I'm sorry, III.

Sergeant Combs, I would like you to look at Appellate Exhibit III, also identified as Appendix "B" to the Offer for Pretrial Agreement. This documents [sic] states the sentence limitations the convening authority has agreed to in return for your plea and other promises contained in your offer. It provides that the convening authority may approve no sentence greater than a bad conduct discharge, confinement at hard labor for five years, forfeiture of all pay and allowances, and reduction to the grade of airman basic, E–1. Is that your understanding?

ACC   Yes, sir.

MJ   The convening authority has agreed only to limit the character of discharge, the amount of confinement, forfeitures and reduction as indicated. There is no agreement as to any other form of punishment. Is that your understanding?

ACC   Yes, sir.

MJ   There appears to be no mention of any action by the convening authority with respect to a fine. Therefore, it is my interpretation of the agreement that the convening authority may approve the bad conduct discharge, the

full term of confinement, and the fine as announced. Are counsel in agreement as to my understanding?

ATC Yes, your Honor.

IDC The defense agrees, your Honor.

MJ Court is adjourned.

[The record of trial as a whole contains no indication, whatever, that the accused was ever advised prior to the announcement of sentence that his guilty plea pursuant to the pretrial agreement might subject him to liability for payment of a substantial fine.]

In the U.C.M.J. Article 61, 10 U.S.C. § 861 Review prepared by his staff judge advocate, the reviewing authority was told that he "could approve a sentence that is no greater than" that announced at trial by the military judge. The review went on to recommend that the convening authority ameliorate the $7500.00 fine to forfeiture of $100.00 per month for 24 months. The convening authority complied with this recommendation.

## I

■ We look, first, to the question of whether the terms of a valid pretrial agreement can be modified by "on the record" colloquy between the parties, following announcement of sentence in open court.

Government counsel, citing *United States v. Bedania,* 12 M.J. 373 (C.M.A.1982) and *United States v. Cifuentes,* 11 M.J. 385 (C.M.A.1981), assert that the written terms of a pretrial agreement may be supplemented or clarified by such colloquy. Consequently, we are urged to conclude that because trial defense counsel acquiesced to an *ex post facto* interpretation of the pretrial agreement which was initiated and announced by the military judge [an interpretation, which, if valid, would specifically allow the reviewing authority to approve the otherwise questionable monetary penalty that the military judge had imposed upon the accused via sentence] *following* announcement of sentence, the original written terms of the pretrial agreement are irretrievably modified. The accused's presentencing understanding of the pretrial agreement's terms is, thenceforth, irrele-

vant to the legality of the approved sentence.

While we agree that *Bedania* and *Cifuentes* stand for the proposition that written terms of a pretrial agreement can be supplemented or clarified by "on the record" colloquy of the parties *prior* to the time that sentence is announced, we decline to extend these holdings to a post-sentencing colloquy, such as occurred here. We do not believe that the emotionally charged moments of a court-martial between announcement of sentence and its formal adjournment, are an appropriate time to obtain either well-reasoned or analytical views regarding sentencing matters from the parties to a trial. In fact, the courtroom "gamesmanship" [not unlike the unwitting action of the military judge in this case] likely to result should we extend the holdings of *Bedania* and *Cifuentes* to post-sentencing colloquies, would likely make such comments of the parties even less reliable than in the instant case.

Accordingly, we specifically hold that verbal comments of the parties to a court-martial regarding sentencing matters that are made between sentence announcement and adjournment may not be used to *modify* the presentencing terms of a pretrial agreement.

Having squelched the government's effort to abort our consideration of defense's assignment of errors we proceed thereto.

In essence, defense, makes two separate assertions, neither of which, we deem meritorious.

## II

In the first, defense raises the question of whether the judge's inclusion of a fine in the adjudged sentence amounts to a legal nullity. If this was the case, of course, the reviewing authority, would have never had an opportunity to commute the fine to forfeitures because the fine never legally existed. Ergo, to follow the defense's logic, by approving the entire remainder of the sentence imposed at trial, the reviewing authority deprived himself of any colorable

justification for adding any punishment at all to the adjudged sentence; to wit: any additional punishment would, perforce, have had the prohibited effect of increasing the severity of the sentence imposed at trial.

Although defense did not clearly articulate its rationale for this contention, it is apparent from their brief that they relied either upon a theory that pretrial agreements, themselves, in some way affect a court's power to impose appropriate sentences within the limitations of the M.C.M., or upon the verbage of M.C.M., para. 126*h* (3), which provides: "A fine normally should not be adjudged against a member of the armed forces unless the accused was enriched as the result of the offense of which he is convicted."

■ If their contention is based upon the former, defense misunderstands the underlying principles of pretrial agreements. A pretrial agreement, being made between an accused and his reviewing authority, can affect only the sentence approving power of the reviewing authority, himself. In fact, Article 37, U.C.M.J., 10 U.S.C. § 837, specifically prohibits the reviewing authority from attempting to influence courts in performing their sentencing functions.

■ Defense's contention is also meritless if based upon M.C.M., para. 126*h*(3), for:

Although the Manual [M.C.M.] provides that a fine "should not ordinarily be adjudged against a member of the armed forces unless the accused was unjustly enriched," this provision is directory rather than mandatory.

*United States v. Cuen,* 9 U.S.C.M.A. 332, at 337, note 5, 26 C.M.R. 112, at 117, note 5 (1958). *See United States v. Parini,* 12 M.J. 679, at 684 (A.C.M.R.1981); *United States v. Ford,* 12 M.J. 636, at 638–639 (N.M.C.M.R.1981); *United States v. Ashley,* 48 C.M.R. 102, 103, at 105 (A.F.C.M.R.1973). *Cf. United States v. Martinez,* 2 M.J. 1123, at 1124 (C.G.C.M.R.1976).

Clearly the "directory" nature of the sentence's language goes, at most, only to the appropriateness of the inclusion of fines in sentences based upon offenses that do not involve unjust enrichment. Regardless of a trial court's conclusion as to the appropriateness of a fine under the particular facts of a case, the same provision requires each reviewing authority in the appeals process to, also, assess such a fine's appropriateness. It would, therefore, be absurd to foreclose trial courts from assessing such fines in enrichmentless cases based upon the non-mandatory language of M.C.M., para. 126*h* (3).

Consequently, we conclude that neither possible defense rationale for its assertion that "the judge's inclusion of a fine in the adjudged sentence amounted to a legal nullity" is meritorious.

### III

The defense's second assertion of error raises the question of whether a reviewing authority can commute one type of punishment by substituting a less onerous form of another. Defense claims that the reviewing authority, here, was prohibited by the terms of the instant pretrial agreement from commuting a $7500.00 fine to forfeitures of $100.00 per month for 24 months. According to defense argument, although the pretrial agreement permitted the Reviewing Authority to approve adjudged forfeitures, it did not permit him to approve a non-adjudged forfeiture that had been substituted for an adjudged fine.

Although not stated as such, this contention appears to be a throwback to the doctrine of "divisible portions" first enunciated in *United States v. Highsmith,* 34 C.M.R. 664 (A.B.R.1964), cited elsewhere in defense's brief.

As pointed out by the Court of Military Appeals in *United States v. Brice,* 17 U.S.C.M.A. 336, at 339, 38 C.M.R. 134, at 137 (1967), this doctrine was "relegated to the past" in 1966 by that Court's ruling in *United States v. Monnet,* 16 U.S.C.M.A. 179, 36 C.M.R. 335 (1966).

■ Applying the applicable language of *Monnet, Id.,* to the instant case, we con-

clude that even had the terms of the instant pretrial agreement specifically prohibited the reviewing authority from approving a fine, its terms, nevertheless, specifically permitted him to approve a sentence that included forfeitures. The limitation contained in the pretrial agreement was that the sentence approved by the convening authority would "not *exceed* a bad conduct discharge, confinement at hard labor for five (5) years, forfeiture of all pay and allowances, and reduction to the grade of Airman Basic, E–1."

> In other words, the convening authority agreed that after he acted on the sentence adjudged by the court-martial, the accused would not be subject to any punishment more onerous than ... [a bad conduct discharge, confinement at hard labor for five (5) years, forfeiture of all pay and allowances, and reduction to the grade of Airman Basic, E–1].

Monnet, *Id.,* at 182, at 338.

Because the sentence approved by the convening authority in this case comported with this interpretation of the pretrial agreement, his obligations under it were fulfilled.

### IV

Having addressed and resolved all the issues appellate counsel have raised, we focus our attention on but a single additional issue; to wit: prior to announcement of sentence, was the accused, in fact, aware that under the terms of his pretrial agreement, his sentence could include imposition of a substantial fine upon him?

As is reflected in those transcript recitations we set forth at the outset, the military judge, when conducting his providency inquiry into the accused's guilty plea, neglected to advise the accused that the maximum punishment which could be imposed [by the M.C.M.] pursuant to his guilty plea, included a fine. Yet, despite this omission by the military judge, and despite the fact that the spectre of such a punishment was never mentioned during the entire remaining course of the trial, this same military judge both adjudged and announced a sentence including such a fine.

The legal questions raised by this omission are twofold: (1) under the facts of the instant case, could it have materially affected the accused's decision to plead guilty and (2), if so, must the case be returned for a new trial after a proper advisement on maximum punishment or may we simply hold that by erroneously omitting any reference to a fine in his *Care* declaration of maximum punishment, the military judge marked out the framework within which he could exercise his powers, and consequently that he rendered that portion of his adjudged sentence which purported to impose a $7500.00 fine legally void.

Unlike the case of *United States v. Brown,* 1 M.J. 465 (C.M.A.1976), the accused here was tried before a general rather than a special court-martial. Consequently, *Brown*'s rationale is inapplicable here.

> There are legal differences between a fine and a forfeiture of pay and allowances. Among them is the fact that a fine survives termination of entitlement of pay and can be collected by execution out of other property of the accused. A fine, however, can only be imposed *instead* of a forfeiture; and more importantly, in the case of a *special court-martial,* the fine *cannot* be in an amount "in excess of the total amount of forfeitures which may be adjudged." Thus, a fine in an amount less than or equal to, the allowable forfeiture of pay and allowances cannot be regarded as significant in terms of the pecuniary loss suffered by the accused.

> \*   \*   \*   \*   \*   \*

> It would appear that the accused has not suffered any substantial disadvantage in regard to his pay account.

> \*   \*   \*   \*   \*   \*

> The decision of the U.S. Army Court of Military Review [that knowledge of the possibility of imposition of a fine would not have affected that accused's decision to plead guilty] is affirmed. [Citations omitted.] [Emphasis added.]

*Id.,* at 466–467.

In the instant *general* court-martial a fine could have been adjudged *in addition*

to forfeitures and that fine *could* have been in an amount "in excess of the total amount of forfeitures which may [have been] adjudged," consequently, unlike the situation in *Brown,* it appears to us, here,[2] that knowledge of the possibility of imposition of a fine [3] could well have materially affected this accused's decision to plead guilty. *Cf., United States v. Cifuentes, supra,* at 387, note 3.

Turning, then, finally, to the question of how best to dispose of this case, in light of our factual determination that the military judge's *Care* error prejudiced the substantial rights of the accused, we conclude that there is little to be gained by returning the entire case for a new trial. An error affecting only the validity of monetary punishment does not call into question the propriety of the remainder of the accused's sentence which still includes a bad conduct discharge and five years confinement at hard labor.

Under these circumstances, we find the Coast Guard Court of Military Review's rationale in *United States v. Martinez,* 2 M.J. 1123 (C.M.R.1976), extremely apropos:

> When a special court-martial sits with members, the members adjudge the sentence; but the military judge must instruct them before they do so. His instructions "mark out the legal framework within which the court may properly exercise its powers." *United States v. Crawford,* 12 U.S.C.M.A. 203, 30 C.M.R. 203 (1961). In *Crawford,* the Court ruled that because the instructions given did not mention the punishment of reduction in grade, the imposition of that punishment as part of the sentence was illegal and had to be set aside.

Similarly here, where the military judge is the court and imposes the sentence, but the accused has pleaded guilty and the judge has declared the maximum authorized punishment, his declaration "marks out the legal framework within which the court may exercise its powers." The judge did not declare that a fine was authorized; therefore [under the facts of this case] he could not legally impose a fine.

*Id.,* at 1124. *Accord, United States v. Whitekiller,* 8 M.J. 772, at 773 (C.M.R.1979).

Consequently, we determine, first, that the portion of the original sentence dealing with a $7500.00 fine was illegal *ab initio,* and, second, that as a result thereof, the reviewing authority had power only to set the fine aside, not to commute it to forfeitures.

Accordingly, we set aside that portion of the approved sentence which purported to impose forfeitures of $100.00 per month for 24 months. The findings of guilty and so much of the sentence approved below as included a bad conduct discharge and confinement at hard labor for five years are

AFFIRMED.

HODGSON, Chief Judge, and HEMINGWAY, Senior Judge, concur.

---

2. The facts of this case reflect the accused's overriding concern with "making up for" the offenses he committed upon his family. In view of such a concern, the detrimental impact upon the economic well being of his family of a substantial fine in addition to forfeitures, may well have caused the accused to demand a limitation against such a fine, or in the alternative to have entered a "not guilty" plea.

3. In this case, there is reason, in addition to the military judge's failure to advise the accused of

the possibility of a fine, to believe that the accused, was unaware of that possibility. Since a fine is "ordinarily" imposable only in unjust enrichment cases, it is entirely possible since the charged offenses did not involve unjust enrichment that his assigned defense counsel did not mention a fine to him when he reviewed the maximum allowable punishment with his accused, particularly since that possibility was not mentioned in any correspondence with the reviewing authority.