**UNITED STATES, Appellee,**

v.

**Private First Class Terry J. SHIRLEY, SSN 542–78–0348, United States Army, Appellant.**

**CM 443431.**

U.S. Army Court of Military Review.

26 May 1983.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas M. Curtis, JAGC, and Captain Jessica A. Polley, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of one specification alleging a conspiracy to use, transfer and sell marijuana and cocaine and to introduce those substances onto a military installation, two specifications of possession of hashish, and two specifications of transfer of hashish, in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 934 (1976). He was sentenced to a dishonorable discharge, confinement at hard labor for five years, total forfeitures, reduction to the lowest enlisted grade and a $5,000.00 fine. In accordance with a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for three years, total forfeitures, reduction to the lowest enlisted grade and a $5,000.00 fine.

The appellant contends that the military judge erred by imposing a fine because he failed to include the possibility of a

fine in his advice to the appellant regarding the maximum imposable punishment. We disagree and affirm.

There is considerable authority which would appear to support the appellant's contention. *See United States v. Martinez,* 2 M.J. 1123 (C.G.C.M.R.1976); *accord United States v. Holmes,* 15 M.J. 1036 (A.C.M.R. 1983); *United States v. Whittier,* 14 M.J. 606, 607 (A.F.C.M.R.1982); *United States v. Whitekiller,* 8 M.J. 620, 621 (N.C.M.R.1979). However, we believe that these decisions, including *United States v. Holmes, supra,* decided by another panel of this Court, are based on an incorrect premise, and we decline to follow them. *Martinez* relied on the statement in *United States v. Crawford,* 12 U.S.C.M.A. 203, 30 C.M.R. 203 (1961), that the military judge's "instructions mark out the legal framework within which the court may properly exercise its powers." *Id.* at 204, 30 C.M.R. at 204 (citations omitted). *Whitekiller* cited *Martinez,* and *Holmes* and *Whittier* in turn relied on *Whitekiller.* However, the statement in *United States v. Crawford, supra,* on which this house of cards was built, did not deal with a plea inquiry, but rather with the duty of court members to follow the sentencing instructions, even if those instructions are erroneous. *Id.* It is a *non sequitur* to hold that because court members are required to follow the sentencing instructions, a military judge may not impose a fine without first advising an accused that his plea of guilty subjects him to a fine. The Court of Military Appeals has not imposed such a requirement and we decline to do so. *See United States v. Brown,* 1 M.J. 465 (C.M.A. 1976) (no error for military judge to impose fine even though he did not inform appellant that he was subject to a fine). Accordingly, we reject as incorrect the premise on which *Martinez* and *Whitekiller* and their progeny were decided, and we find the assigned error without merit.

▆▆ The real issue in this case is whether the appellant was substantially misled regarding the maximum imposable punish-

ment. If he was, his plea is improvident. *United States v. Dowd,* 7 M.J. 445 (C.M.A. 1979); *United States v. Castrillon-Moreno,* 7 M.J. 414 (C.M.A.1979); *United States v. Harden,* 1 M.J. 258 (C.M.A.1976). If not, the plea is provident and the sentence is lawful, unless the appellant misunderstood the terms of his pretrial agreement. It would have been better practice for the military judge to advise the appellant that he was subject to a fine. However, the pretrial agreement in this case, unlike the agreement in *United States v. Holmes, supra,** specifically provided that the convening authority was authorized to approve a sentence including a $5,000.00 fine. The military judge advised the appellant after sentencing that the convening authority could lawfully approve the fine, and the appellant indicated that he understood. At no time has the appellant asserted that he misunderstood the maximum imposable sentence. We have no doubt that the appellant understood that his plea of guilty subjected him to a fine. Accordingly, we conclude that his plea of guilty was provident.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.

---

* We have judicially noted the record of trial in *United States v. Holmes,* 15 M.J. 1036 (A.C.M.

R.1983), decided by another panel of this Court.