UNITED STATES, Appellee,

v.

James I. WILLIAMS, First Lieutenant,
U.S. Army, Appellant.

No. 46,492.
CM 443116.

U.S. Court of Military Appeals.

July 2, 1984.

For Appellant: *Colonel William G. Eckhardt, Major Robert M. Ott, Captain Joel R. Maillie* (on brief); *Captain Michael T. Kelly* and *Captain Peter R. Huntsman.*

For Appellee: *Lieutenant Colonel John T. Edwards, Lieutenant Colonel Thomas M. Curtis, Captain Samuel J. Rob* (on brief); *Captain Arthur L. Passar.*

*Opinion of the Court*

COOK, Senior Judge:

Pursuant to his pleas, the accused was convicted by general court-martial, military judge alone, of possessing hashish, cocaine, and marihuana; two specifications of falsely making border passes; and conduct unbecoming an officer by living with a subordinate female member of his command, all in violation of Articles 134 and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 933, respectively. He was sentenced to dismissal from the Army, confinement for 5 years, total forfeitures, and a fine of $10,000.00. The convening authority approved the sentence.[1] The United

1. The pretrial agreement bound the accused to also plead guilty to specifications alleging trans-

States Army Court of Military Review affirmed both the findings and the sentence.

We granted review of the following issue:

WHETHER A MILITARY JUDGE MAY IMPOSE A FINE IN ADDITION TO TOTAL FORFEITURES IN A GENERAL COURT–MARTIAL WHERE THE ACCUSED PLEADS GUILTY, WHEN NO MENTION IS MADE OF THE POSSIBILITY OF A FINE DURING THE *CARE* INQUIRY.

The accused was apprehended by German police during an apparent drug transfer to a German woman. Various contraband drugs were found in his car and in his apartment. At trial, the accused vigorously contested the searches involved, and, upon being unsuccessful, negotiated a pretrial agreement which limited the convening authority to approving "no confinement at hard labor in excess of five (5) years," but which permitted the convening authority to "approve any other lawful sentence adjudged." [2] During the providence inquiry, the accused acknowledged that he understood the provisions of the pretrial agreement and had discussed the agreement with his counsel.[3] After the military judge announced the sentence, he examined the sentence-limitation portion of the pretrial agreement. He then explained to the accused that, in accordance with the agreement, "the maximum sentence that could be approved ... would be the sentence that I gave you." The accused responded that he understood.

The accused's civilian counsel offered no "correct[ions] or challenge[s]" to the staff judge advocate's review, which recommended approval of the adjudged sentence.

*United States v. Goode*, 1 M.J. 3, 6 (C.M.A. 1975).

■ The imposition of a fine in addition to total forfeitures as part of a general court-martial sentence has long been a part of military law. *See* W. Winthrop, *Military Law & Precedents* 420 (2d ed. 1920 reprint). The Manual for Courts-Martial, United States, 1969 (Revised edition), states that, "[g]eneral courts-martial have the further power to adjudge fines in addition to forfeitures in appropriate cases." Para. 126*h* (3). However, it adds, "[a] fine normally should not be adjudged against a member of the armed forces unless the accused was unjustly enriched as the result of the offense of which he is convicted." *Id.* Other than the proscriptions of Article 55, UCMJ, 10 U.S.C. § 855, there are no limits on the amount of a fine which may be imposed by a general court-martial. However, the granted issue challenges the *fact* of the imposition of the fine rather than the *amount* of the fine. Thus, we must consider the matter in terms of military due process where the accused was not specifically advised of the possibility of a fine as part of the maximum punishment during the providence of the guilty plea inquiry.

The service Courts of Military Review have considered this issue. In *United States v. Martinez*, 2 M.J. 1123 (C.G.C. M.R. 1976), the United States Coast Guard Court of Military Review concluded that the declaration of maximum punishments by the military judge " 'mark[s] out the legal framework within which the court may properly exercise its powers.' " *Id.* at 1124, *quoting United States v. Crawford*, 12 U.S.C.M.A. 203, 204, 30 C.M.R. 203, 204

---

fer and attempted sale of hashish, in violation of Articles 134 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 880, respectively. However, at trial, the parties orally agreed to modify the agreement and the military judge granted a motion to withdraw both specifications.

**2.** The unusual nature of the pretrial agreement might be explained by the accused's interest in the trial of a Lieutenant Curry, who had recently been convicted by a general court-martial and sentenced to confinement for 30 years.

**3.** The accused was defended by both appointed military counsel, and civilian defense counsel.

(1961).[4] The United States Navy Court of Military Review followed *Martinez* in *United States v. Whitekiller*, 8 M.J. 620 (1979), stating:

A study of the law convinces us that in this case the failure of the military judge to advise appellant that a fine as well as total forfeitures could be imposed did not render the guilty plea improvident but did establish the perimeter of pecuniary loss. We recognize that the amount of a fine in a general court-martial is ordinarily unlimited by law and thus we will conclude that, in a case of this nature, before both total forfeitures and a fine can be approved the appellant must have been advised during the providency inquiry that his pecuniary loss could exceed the total forfeitures.

*Id.* at 620–21.

In *United States v. Combs*, 15 M.J. 743 (1983), the Air Force Court of Military Review held

that the monetary portion of this approved sentence cannot be affirmed because: (1) the pretrial agreement failed to specifically mention any disposition with respect to monetary fines *and* (2) the military judge failed during his [*United States v.*] *Care*[1] [18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969)] inquiry to advise the accused that the maximum imposable sentence pursuant to his plea of guilty could include a monetary fine.

Civilian counsel waived comment on the review of the staff judge advocate.

**4.** Judge Lynch, dissenting in *United States v. Martinez*, 2 M.J. 1123, 1125 (C.G.C.M.R. 1976), quoted from Judge Latimer's dissent in *United States v. Crawford*, 12 U.S.C.M.A. 203, 207, 30 C.M.R. 203, 207 (1961):

There my associates assumed and discussed at length the legality of a sentence which imposed a fine. Under their interpretation of certain sanctions, they concluded a fine was greater punishment than a forfeiture, but not one word was said about any part of the sentence, much less that portion imposing a fine, being illegal for lack of instructional guidance.

**5.** We, too, have considered this issue before. In May of 1976 we granted review of the following specified issue in *United States v. Wailly*:

*Id.* at 744; *see also United States v. Whittier*, 14 M.J. 606 (A.F.C.M.R. 1982).

The Army Court of Military Review fell in line in *United States v. Holmes*, 15 M.J. 1036 (1983). However, this unanimity was short-lived for in *United States v. Shirley*, 16 M.J. 567, *pet. granted*, 17 M.J. 66 (1983), another panel of that court declined to follow *Holmes*. That court correctly noted that the foundation case of *United States v. Crawford, supra*, relied upon by the Coast Guard in *United States v. Martinez, supra*, was concerned with the necessity that the members of a special court-martial follow the limits of maximum sentence as announced by the president of the court, and not with the matter of providence of the plea. Judge Foreman saw "[t]he real issue ... [as] whether the appellant was substantially misled regarding the maximum imposable punishment." *Id.* at 568. However, the pretrial agreement authorized the convening authority to approve a sentence including a fine of $5,000.00, and Judge Foreman concluded that the failure of the military judge to advise the accused that he was subject to a fine was not material since there was no doubt that the accused understood that his plea of guilty subjected him to a fine.[5]

 We agree that *United States v. Crawford, supra*, does not mandate that the maximum punishment announced by the military judge during a providence in-

WHETHER THE ACCUSED'S PLEAS OF GUILTY WERE RENDERED IMPROVIDENT BY THE FAILURE OF THE MILITARY JUDGE TO INFORM HIM THE MAXIMUM IMPOSABLE SENTENCE INCLUDED A FINE.

By order dated September 3, 1976, 5 M.J. 1131, we affirmed Wailly's conviction on the basis of this Court's opinion in *United States v. Brown*, 1 M.J. 465 (C.M.A. 1976). However, Brown was convicted by special court-martial and the amount of the fine was less than might have been forfeited over a 6–month period; Wailly, like the accused in the case at bar, was tried by a general court-martial, but the fine was only $1,500.00 and no forfeitures were imposed. In *Brown*, we held that under the circumstances, "the accused ... [had] not suffered any substantial disadvantage in regard to his pay account." *Id.* at 467. Obviously, the situation is different here.

quiry sets the limits to any possible punishment. It would be absurd to expect a complete recitation of all possible punishments to be made at that time. And, we agree that, "[i]n the absence of any other evidence, ... it is fair to assume that prior to permitting a defendant to enter a plea of guilty, a qualified defense counsel would have discussed all aspects of possible punishments with his client." *United States v. Martinez, supra* at 1125 (Lynch, J., dissenting). However, there are certain aspects of elemental fair play involved here, and we must be ever vigilant to the possibility of mistakes prejudicial to the substantial rights of the accused. It is apparent that Williams was primarily concerned with capping the amount of confinement he might receive, even to the exclusion of other aspects of the sentence. Indeed, his agreement and lack of surprise when the fine was announced tend to support this theory.[6] However, since we cannot speculate as to the quantum of knowledge and understanding the accused possessed at the time of either the providence inquiry or the announcement of sentence, remedial action is required.

■ We now hold that unless the pretrial agreement specifically mentions the possibility of a fine or there is other evidence that the accused was aware that a fine could be imposed, a general court-martial may not include a fine in addition to total forfeitures in a guilty-plea case unless the possibility of a fine has been made known to the accused during the providence inquiry.

The decision of the United States Army Court of Military Review is affirmed except to the extent that it affirms the imposition of a fine of $10,000.00. That portion of the sentence imposing a fine is set aside.

EVERETT, Chief Judge (concurring):

If an accused enters a plea of guilty while under a misconception as to the punishment he might receive for the offenses to which he has pleaded guilty, then either (a) the plea should be set aside as improvident or (b) remedial action should be taken by reviewing authorities to eliminate any discrepancy between the sentence adjudged and the maximum punishment to which appellant had been advised he might be subjected.

FLETCHER, Judge (concurring in the result):

The appellant should have been advised as part of the guilty-plea inquiry that a fine could be imposed as additional permissible punishment. *United States v. King*, 3 M.J. 458 (C.M.A. 1977); *United States v. Green*, 1 M.J. 453 (C.M.A. 1976).

---

6. We do not know what rationale the military judge used in imposing the fine. We recognize that the provision in the Manual for Courts-Martial, United States, 1969 (Revised edition), limiting imposition of fines normally to instances in which the accused has been unjustly enriched, "is directory rather than mandatory." *United States v. Cuen*, 9 U.S.C.M.A. 332, 337 n.5, 26 C.M.R. 112, 117 n.5 (1958). Even so, such guidance generally is followed. We must assume that the military judge had a reason for selecting a fine as part of the sentence. The stipulated evidence tends to indicate that the accused was apprehended during a sale of drugs, but the specifications relating to sale were withdrawn prior to findings.