212

UNITED STATES, Appellee,

v.

Terry J. SHIRLEY, Private First Class,
U.S. Army, Appellant.

No. 46,928.

CM 443431.

U.S. Court of Military Appeals.

July 16, 1984.

For Appellant: *Colonel William G. Eck-hardt, Colonel R. Rex Brookshire II, Major Stephen R. Dooley,* and *Captain L. Sue Hayn* (on brief); *Captain Warren G. Foote.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Lieutenant Colonel Thomas M. Curtis,* and *Captain Nancy D. Glazier* (on brief).

*Opinion of the Court*

PER CURIAM:

The accused was tried by general court-martial with a military judge sitting alone. Pursuant to his pleas, he was convicted of conspiracy to possess, use, and sell marihuana and cocaine; and two specifications each of the possession and transfer of marihuana, in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 934, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 5 years, forfeiture of all pay and allowances, payment of a fine of $5,000.00 to the United States Government, and reduction to the pay grade of private (E–1). Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for 3 years, forfeiture of all pay and allowances, payment of a fine in the amount of $5,000.00 to the United States Government, and reduction to the pay grade of private (E–1). The United States Army Court of Military Review affirmed the findings and sentence. *United States v. Shirley,* 16 M.J. 567 (A.C. M.R. 1983). We granted review of the following assigned issue:

> WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY IMPOSING A FINE NOTWITHSTANDING HIS FAILURE TO INCLUDE THE POSSIBILITY OF A FINE IN HIS ADVICE TO THE APPELLANT AS TO THE MAXIMUM IMPOSABLE SENTENCE.

The facts and issue presented here are similar to those presented in *United States v. Williams,* 18 M.J. 186 (C.M.A. 1984). In both cases, the military judge failed to mention, during the providency inquiry, the

possibility that a fine might be imposed as additional punishment. However, and more significantly, the pretrial agreement here provided, among other things, that the convening authority would approve no fine exceeding the amount of $5,000.00. After announcement of the sentence, the military judge read the sentence-limitations portion of the pretrial agreement, including the limit on fines, and both trial and defense counsel agreed that it was a proper sentence.

In *United States v. Williams, supra* at 189, we held:

> [T]hat unless the pretrial agreement specifically mentions the possibility of a fine or that there is other evidence that the accused was aware that a fine may be imposed, a general court-martial may not include a fine in addition to total forfeitures in a guilty plea case unless the possibility of a fine is made known to the accused during the providence inquiry.

Here, the pretrial agreement signified that the accused was willing to accept a fine as part of the sentence limitations, and the evidence of record indicates that the accused was a dealer in contraband drugs of a magnitude that the possibility of a fine might well be considered by the sentencing authority. Under these circumstances, we find no prejudice to his rights.

The decision of the United States Army Court of Military Review is affirmed.

FLETCHER, Judge (dissenting):

Consistent with my position as stated in *United States v. Williams*, 18 M.J. 186 (C.M.A. 1984) (concurring in the result), I must dissent.