UNITED STATES, Appellee,

v.

Sergeant John P. GIBBS, Jr., 212–82–4227, United States Army, Appellant.

ACMR 8901345.

U.S. Army Court of Military Review.

29 June 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Alan M. Boyd, JAGC, Captain Jeffrey J. Fleming, JAGC, Captain Jeannine C. Hinman, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Martin D. Carpenter, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before KUCERA, GILLEY and GRAY, Appellate Military Judges.

## OPINION OF THE COURT

KUCERA, Senior Judge:

Pursuant to a pretrial agreement, the appellant pled guilty to, and was convicted of, conspiracy to commit larceny and larceny in violation of Uniform Code of Military Justice, Articles 81 and 121, 10 U.S.C. §§ 881 and 921 (1982). He was sentenced by the military judge sitting as a special court-martial to a bad-conduct discharge, confinement for four months, a fine of $2,500.00 and reduction to Private E1; forfeitures of pay were not adjudged. The convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge, confinement for three months, a fine of $1,398.00 and reduction to Private E1.

Reduction in the amount of the adjudged fine from $2,500.00 to $1,398.00 was arrived at by a formula using the highest amount of forfeitures (two thirds of pay per month for three months) which could have permissibly been approved under the terms of a pretrial agreement were such forfeitures of pay adjudged.

The issue before us is whether under the terms of the pretrial agreement the convening authority was empowered to approve any fine at all since a fine was not included in the elements of a sentence listed in the pretrial agreement. The pretrial agreement provided that in exchange for appellant's pleas of guilty, the convening authority would approve no sentence in excess of two-thirds forfeitures of pay and allowances[1] per month for three months, confinement for three months, a bad-conduct discharge, and reduction to the grade of Private E1.

The plain and unambiguous language of the pretrial agreement established the limits for the specified elements of the sentence which the convening authority could approve. *See United States v. Hodges*, 22 M.J. 260, 263 (C.M.A.1986). In the case at hand, the agreement does not contain any express provision about a fine nor language from which this court could infer that the parties intended that the punishment of a fine in any amount could be approved.

We find convincing evidence of what was agreed to by the appellant and the convening authority to be the pretrial agreement itself. A fine is a separate punishment from forfeiture and can be easily listed on the pretrial agreement if the parties so intend. When a list of elements of approvable punishment is set forth on a pretrial agreement, we read them to express all the sentence elements that were negotiated as approvable. Accordingly, we conclude that the appellant reasonably understood that he was protected from approval of a fine as part of the consideration for the guilty plea, thus negating the impact of the military judge's contrary advice.[2] *See United*

1. We note that Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1003(b)(2) provides that a *court-martial* may not make allowances subject to forfeiture unless the sentence includes forfeiture of all pay and allowances (emphasis added). We express no opinion whether, at a trial by general court-martial, the accused and the convening authority may agree that allowances may be subject to forfeiture where the sentence includes only partial forfeiture of pay. *See United States v. Bowen*, 29 M.J. 779 (A.C.M.R.1989) (Rule for Courts–Martial 1107, Action by the Convening Authority, must be applied to determine propriety of convening authority's action, not Rules for Court–Martial 1003).

2. Before accepting the appellant's pleas of guilty, the military judge did explain to the appellant that a fine was within the range of punishments that could be imposed. At that time, however, the military judge did not know that provisions concerning a fine were not present in the pretrial agreement. After he imposed the sentence which included a $2,500.00 fine and reviewed the quantum portion of the

*States v. Partin,* 7 M.J. 409 (C.M.A.1979) (military judge's authority cannot be said to extend to addition by implication of terms not embraced in the express wording of the agreement or in violation of military due process; such interpretation is not binding on the parties, or appellate courts). *See also United States v. Williams,* 18 M.J. 186, 189 (A.C.M.R.1983) (the accused's understanding as to his possible sentence exposure controls); *United States v. Shirley,* 16 M.J. 567, 568, *aff'd,* 18 M.J. 212 (C.M.A.1984).

 Should the parties intend that a fine be an authorized element of the maximum approvable punishment, the parties specifically must state their understanding in the pretrial agreement about the limits on the

convening authority's action relative to a fine.

The findings of guilty are affirmed. On the basis of the error noted and the entire record, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for three months and reduction to Private E1.

Judge GILLEY and Judge GRAY concur.

---

pretrial agreement, the military judge told the appellant that the convening authority "can't approve the total amount [$2,500.00] but he [could] approve up to a fine of $1,398.00 or forfeitures of $466.00 pay per month for 3 months that [would] be the equivalent, that [would] not be in excess of what you've agreed to." All parties agreed with the military judge's statement.