UNITED STATES, Appellee,

v.

**Staff Sergeant Jose R. MORALES–SAN-
TANA, 584–64–4630, United States
Army, Appellant.**

**ACMR 9000527.**

U.S. Army Court of Military Review.

4 Oct. 1990.

Released for Publication 16 Jan. 1991.

For Appellant: Captain Timothy P. Riley, JAGC, Captain James K. Lovejoy, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before NAUGHTON, CORRIGAN and JOHNSTON, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

A military judge sitting as a general court-martial at Fort Ord, California, convicted the appellant, in accordance with his pleas, of two specifications of larceny and four specifications of wrongful appropriation, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1982). The military judge sentenced the appellant to a bad-conduct discharge, reduction to the grade of private E1, and a $3,000.00 fine. The convening authority approved the adjudged sentence.

The pretrial agreement provided that "[T]he Convening Authority agrees to approve no confinement in excess of ten (10) months. The Convening Authority may approve any other punishments as adjudged." At trial, the military judge advised the accused that the maximum punishment authorized for the offenses to which he pled guilty included a dishonorable discharge, confinement for twenty-two years and six months, forfeiture of all pay and allowances, and reduction to the grade of Private E1. The military judge did not discuss with the accused the possibility of a fine. After sentencing, the defense counsel and the military judge agreed that the convening authority could approve the sentence as adjudged.

Although the case was submitted by appellate counsel "upon its merits," this court specified the following issue:

WHETHER THE COURT MAY AF-FIRM THE APPROVED FINE WHERE THE PRETRIAL AGREEMENT DOES NOT SPECIFICALLY MENTION THE POSSIBILITY OF A FINE AND THE MILITARY JUDGE FAILED TO ADVISE THE ACCUSED THAT A FINE MAY BE IMPOSED. *See United States v. Williams,* 18 M.J. 186 (C.M.A.1984), Department of the Army Pamphlet 27–9, Military Judges' Benchbook, Para. 2–14 (1 May 1982) (C3, 15 Feb. 1989).

In our view, the analysis utilized by the Court of Military Appeals in *United States v. Williams,* 18 M.J. 186 (C.M.A.1984) is controlling. Because a fine was not specifically mentioned in the pretrial agreement

and the military judge failed to advise the accused that a fine might be imposed, the accused may have entered a plea of guilty while under a misconception as to the punishment he might receive. We will remedy this discrepancy by disapproving that portion of the sentence imposing a fine.

The findings of guilty are affirmed. We affirm only so much of the sentence as provides for a bad-conduct discharge and reduction to Private E1.