UNITED STATES

v.

Staff Sergeant Jose A. GONZALEZ,
FR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, United States
Air Force.

ACM S28492.

U.S. Air Force Court of Military Review.

Sentence Adjudged 4 April 1991.

Decided 1 Nov. 1991.

Appellate Counsel for the Appellant:
Colonel Jeffrey R. Owens and Major Ronald G. Morgan.

Appellate Counsel for the United States:
Major Paul H. Blackwell, Jr., Major Kingston E. Smith, and Captain James C. Sinwell.

Before O'BRIEN, PRATT and
McLAUTHLIN, Appellate Military Judges.

OPINION OF THE COURT

PRATT, Senior Judge:

Appellant questions whether, under the circumstances of this case, a fine can be sustained as a component of his sentence. We hold that it can, and affirm.

At a special court-martial before members, after pleading guilty to using marijuana, appellant was sentenced to a bad-conduct discharge, reduction to E-1, and a fine of $300. The subject of fines first arose when the military judge was discussing proposed sentencing instructions with counsel. At that time, he informed counsel that he "would not specifically refer to a fine since those are normally reserved for cases in which there has been unjust enrichment." True to his word, the military judge did not, in fact, mention fines as a possible component of sentencing during his instructions to the court members.

Raising this issue for the first time on appeal, appellant argues that his sentence, to the extent it includes a fine, exceeds the maximum punishment that the members could impose. For this proposition, the appellant relies on *United States v. Craw-*

*ford,* 12 U.S.C.M.A. 203, 30 C.M.R. 203 (1961), wherein the Court of Military Appeals held that an adjudged reduction in grade could not be approved because the court members had not been instructed on that sentence component and were bound by their instructions.

Whatever may be the continuing viability of the *Crawford* principle, we find that it does not undermine the sentence in this case.

■ The 1984 Manual For Courts–Martial (hereafter referred to as the Manual) provides a straightforward framework for dealing with instructional issues. R.C.M. 1005 sets out the various guidelines for the content and delivery of instructions to court members. Included within that Rule, at R.C.M. 1005(f), is the following waiver provision:

> *Waiver.* Failure to object to an instruction *or to omission of an instruction* before the members close to deliberate on the sentence constitutes waiver of the objection in the absence of plain error. (Emphasis added)

The record in this case indicates that, despite an affirmative announcement by the military judge that he intended not to specifically mention fines in his oral instructions to the members, neither counsel voiced any objection, either initially to the instructions proposed or later to the instructions actually given.[1] Thus, any objection to the absence of an instruction on fines is waived, unless plain error is present. *See generally United States v. Young,* 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985); *United States v. Fisher,* 21 M.J. 327 (C.M.A.1986).

Although most of the case law regarding instruction on fines pre-dates the waiver provision of the Manual, it could nonetheless assist in an assessment of plain error. Unfortunately, a review of cases touching on this issue is less than elucidating. Some cases involve a failure by the military judge to advise the accused concerning a fine during the providence inquiry. Others involve a failure to instruct

the sentencing body about fines. The distinction between these two types of cases, and the rationales underlying their ultimate resolution, are mercilessly blurred. Logical consistency is difficult to find in the ever-varying contexts in which this issue arises. *See, e.g., United States v. Shirley,* 18 M.J. 212 (C.M.A.1984); *United States v. Williams,* 18 M.J. 186 (C.M.A.1984); *United States v. Brown,* 1 M.J. 465 (C.M.A.1976); *United States v. Crawford, supra; United States v. Combs,* 15 M.J. 743 (A.F.C.M.R.1983); *United States v. Upton,* 9 M.J. 586 (A.F.C.M.R.1980), *pet. denied,* 9 M.J. 395 (C.M.A.1980); *United States v. Whitekiller,* 8 M.J. 772 (N.M.C.M.R.1979); *United States v. Martinez,* 2 M.J. 1123 (C.G.C.M.R.1976).

What seems to make the analysis especially difficult is that fines, as a sentencing component, are uniquely resistant to categorization as either belonging with the components which make up the "maximum punishment" or with those termed "lesser punishments." While the military judge is specifically required to instruct court members on the "maximum authorized punishment," the various "lesser punishments" need only be mentioned "upon request or when otherwise appropriate." *See* R.C.M. 1005(e)(1) and the Discussion thereunder. *See also United States v. Henderson,* 11 M.J. 395 (C.M.A.1981); *United States v. Upton, supra.*

"Maximum punishment" is referred to in the Manual as "[t]he maximum limits for the authorized punishments of confinement, forfeitures, and punitive discharge (if any)...." R.C.M. 1003(c)(1)(A)(i). While this delineation does not include fines, neither can fines be said to be a "lesser punishment" as compared to forfeitures. *United States v. Cuen,* 9 U.S.C.M.A. 332, 26 C.M.R. 112 (1958). *See United States v. Whitekiller,* 8 M.J. 772 (N.M.C.M.R.1979); *United States v. Martinez,* 2 M.J. 1123 (C.G.C.M.R.1976).

In the context of a general court-martial, wherein the sentencing body is entitled to adjudge a fine of unlimited amount in addi-

---

**1.** Nor, after the trial, did appellant or his trial defense counsel raise this issue to the military judge before authentication or to the convening authority prior to his action on the case. *See* R.C.M. 1009.

tion to total forfeitures, the potential for significant prejudice is apparent. *See United States v. Williams, supra.* However, we are not called upon to unravel that knot today.

 This was a special court-martial, wherein a fine may not, in any event, exceed the total amount of forfeitures authorized.[2] R.C.M. 1003(b)(3). *See United States v. Sears,* 18 M.J. 190 (C.M.A.1984); *United States v. Brown, supra.* The military judge gave proper instructions on the maximum authorized punishment, supplemented by instructions on lesser punishments which he (and counsel apparently) felt were appropriate under the circumstances of the case. Then, he provided a detailed sentence worksheet which included a reference to all authorized punishments and, in the case of fines and a few other sentence components, additional guidance to insure a full understanding of their availability and the limits on their use.[3]

*See United States v. Upton, supra.* To the clear benefit of the accused, the military judge simply chose not to highlight a fine as one of the components of a potential sentence. The court members imposed a modest fine of $300, an amount significantly less than the maximum amount available to them.[4] Given this combination of circumstances, we have no difficulty finding plain error to be absent.

Accordingly, we conclude that the findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the accused was committed. The findings and sentence are

AFFIRMED.

Chief Judge O'BRIEN and Judge McLAUTHLIN concur.

2. The language of R.C.M. 1003(b)(3), taken from its predecessor paragraph 126*h* (3), MCM, 1969 (Rev.), appears on its face to provide that, in a special court-martial, a fine may only be imposed *in lieu of* forfeitures. However, the Court of Military Appeals has found that this interpretation would lead to

> an illogical result which the President would never have intended. If he was willing to allow special and summary courts to adjudge fines up to the amount of the forfeitures imposable, no reason would exist for him to prohibit the combination of forfeitures with a fine.

*United States v. Harris,* 19 M.J. 331, 332 (C.M.A.1985).

3. Toward the conclusion of his instructions, the military judge provided the court members with a standard sentencing worksheet, i.e., AF Form 1093, Sentence Worksheet (Special Court–Martial), and instructed them as follows:

> And that [the worksheet] *does contain the various possibilities for punishment.* Please use care in selecting *the proper combination from that Sentence Work Sheet* to accurately reflect the sentence of the court, because you're going to use that to then announce the sentence of the court in an open session of the court.
> I suggest you go through and line out the portions that do not apply to your sentence once you have determined it. Check the portions that do apply, line out the ones that do not.
> When *you do return and indicate that you* have arrived at a sentence, I'm going to examine the work sheet to make sure that it's in

proper form before you announce it. (Emphasis added)

As this passage readily reflects, the sentence worksheet becomes an integral part of the sentencing proceeding, serving as an important tool in the proper formulation, recordation, and announcement of the sentence ultimately imposed upon the accused. The worksheet in this case, AF Form 1093, is separated into several categories of punishment and, within each, provides boxes, text and blanks by which the members can reflect their sentence. In a section entitled "Monetary Penalties", just below a subsection to be used for recording the imposition of forfeitures, a subsection for fines reads: "TO PAY TO THE UNITED STATES A FINE OF $___." Immediately below, double-spaced and in typeface of equal size, the following guidance appears:

> NOTE: ORDINARILY, A FINE SHOULD NOT BE ADJUDGED UNLESS THE ACCUSED WAS UNJUSTLY ENRICHED BY THE OFFENSE. THE TOTAL OF YOUR FINE MAY NOT EXCEED THE TOTAL OF THE MAXIMUM PERMISSIBLE FORFEITURE. IF A FINE IS ADJUDGED, FORFEITURES MAY NOT BE IMPOSED.

As to the last sentence above, see footnote 2.

4. At a special court-martial, the amount of fine that may be adjudged is limited to the total amount of forfeitures, i.e., two-thirds pay per month for 6 months. R.C.M. 1003(b)(3). Calculating that amount for an E–1, the maximum fine that could have been adjudged in this case was $3012.