UNITED STATES, Appellee,

v.

**George W. SEARS, III, Machinist's Mate Fireman Apprentice, U.S. Navy, Appellant.**

No. 46844.

NMCM 83 0304.

U.S. Court of Military Appeals.

July 2, 1984.

For Appellant: *Lieutenant Commander William A. DeCicco, JAGC, USN,* and *Lieutenant Burke M. Wong, JAGC, USNR* (on brief); *Lieutenant Commander Georgia L. Winstead, JAGC, USNR.*

For Appellee: *Commander W.J. Hughes, JAGC, USN* and *Lieutenant Michael P. Cogswell, JAGC, USNR* (on brief).

*Opinion of the Court*

PER CURIAM:

A special court-martial with members convicted appellant, in accordance with his pleas, of two specifications of forgery and two specifications of uttering forged checks; two specifications of larceny; and one specification of wrongfully removing a letter from the United States mail, in violation of Articles 123, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 923, 921, and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 6 months, a fine of $1600.00, and reduction to pay grade E-1. The convening authority suspended confinement in excess of 60 days, in compliance with a pretrial agreement. The Court of Military Review reduced the fine to $800.00, but otherwise approved the sentence as adjudged. We specified an issue to consider whether a special court-martial had the authority to impose a fine under Article 19, UCMJ, 10 U.S.C. § 819.

> That Article provides, in pertinent part:
> Special courts-martial may, under such limitations as the President may prescribe, adjudge *any punishment not forbidden by this chapter*[1] except death, dishonorable discharge, dismissal, confinement for more than six months, hard labor without confinement for more than three months, forfeiture of pay ex-

1. I.e., 10 U.S.C., Chapter 47—Uniform Code of Military Justice.

ceeding two-thirds pay per month, or forfeiture of pay for more than six months. (Emphasis added.)

The President, in turn, has provided: All courts-martial have the power to adjudge fines instead of forfeitures in cases involving members of the armed forces.... Special ... courts-martial may not adjudge any fine in excess of the total amount of forfeitures which may be adjudged in a case.

Para. 126*h* (3), Manual for Courts-Martial, United States, 1969 (Revised edition).

■ Fines are nowhere forbidden in the Uniform Code of Military Justice; nor are we aware of any constitutional or general legislative impediment to the imposition of fines.[2] Thus the precise question specified for review can be answered quite succinctly: A special court-martial does indeed have the authority to impose a fine under Article 19.

The only conceivable remaining question then is whether the fine imposed in the instant case somehow caused the sentence to be excessive as a matter of law. In *United States v. Brown*, 1 M.J. 465 (C.M.A.1976), we were presented with a somewhat analogous situation. Brown was sen-

tenced by a special court-martial to a punitive discharge, reduction in grade, confinement for 4 months, and a fine of $1200.00. Of particular concern to us then was whether Brown had been prejudiced by the military judge's failure to inform him, during a providence inquiry, that he might receive a fine in lieu of "forfeiture of pay and allowances."[3] To reach that question we considered the legal differences between forfeitures and fines as well as the respective methods of collection, and we concluded that "a fine in an amount less than or equal to the allowable forfeiture of pay and allowances [3] ... [could] not be regarded as significant in terms of the pecuniary loss suffered by the accused."[4] *Id.* at 466.

■ This conclusion is equally valid as applied to the instant facts. The fine adjudged here by the court-martial, even before being reduced by the Court of Military Review, was less than the forfeiture of pay which might have been adjudged. Therefore, the sentence was not excessive as a matter of law.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

---

2. Indeed it would appear that fines have been a common component of courts-martial sentences for quite some time. *See* W. Winthrop, *Military Law and Precedents* 398, 419–20 (2d ed. 1920 reprint).

3. *Brown* involved a special court-martial, which cannot impose forfeiture of allowances. See Art. 19, UCMJ, 10 U.S.C. 819. Consequently,

this reference to "and allowances" is clearly erroneous.

4. *Cf.* Birnbaum, *Confinement for Non-Payment of Fines*, 9 A.F. JAG Rptr. 7 (Feb. 1980), and *Fines—Not So Dandy*, 9 A.F. JAG Rptr. 86 (June 1980), wherein it is suggested that fines are, in fact, seldom collectible.