**UNITED STATES, Appellee,**

v.

**Douglas E. EDWARDS, Private
First Class, U.S. Army, Appellant.**

No. 50580.
CM 445449.

U.S. Court of Military Appeals.

Oct. 7, 1985.

For Appellant: *Lieutenant Colonel William P. Heaston, Captain Michael D. Graham, Captain David W. Sorensen.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Patrick M. Flachs, Captain Laura G. Poston.*

*Opinion of the Court*
PER CURIAM:

In this appeal from a general court-martial conviction, this Court agreed to consider "[w]hether under the circumstances of this case a fine was properly included in the sentence. *See United States v. Williams,* 18 M.J. 186 (C.M.A.1984)." We conclude that it was not.

In *Williams,* we were concerned with the "elemental fair play" of imposing a fine as part of a sentence when the accused had no notice of any sort that this was a possibility. We held "that unless the pretrial agreement specifically mentions the possibility of a fine or there is other evidence that the accused was aware that a fine could be imposed, a general court-martial may not include a fine in addition to total forfeitures in a guilty-plea case unless the possibility of a fine has been made known to the accused during the providence inquiry." *Id.* at 189. *Accord United States v. Sears,* 18 M.J. 190 (C.M.A.1984); *United States v. Brown,* 1 M.J. 465 (C.M.A.1976).

Here, the pretrial agreement between this accused and the convening authority did not mention a fine; but the military judge specifically advised the accused that a fine might be adjudged as part of the sentence. However, our analysis under *Williams* must now be refined to take into account that a pretrial agreement not only may fail to provide notice that a fine is imposable but also may have the practical effect of negating the impact of the judge's advice.

For example, if an agreement purports to encompass every element of the maximum sentence which the convening authority will approve, then—despite the military judge's properly advising an accused pursuant to *Williams*—it is foreseeable that the accused will believe that the judge may adjudge a fine but that, thereafter, the convening authority must disapprove it in accord with the pretrial agreement. In that event, the basic purpose of *Williams* remains unfulfilled, because the accused will have entered his guilty plea under a misapprehension about the penalty he may have to pay.

The present case is not so clearcut, for appellant's pretrial agreement only limited confinement and provided that

> [t]he convening authority will disapprove that portion of a sentence to confinement at hard labor in excess of 5 years and will suspend any confinement at hard labor in excess of 36 months. This agreement does not extend to nor impact upon any court awarded sentence relating to punitive discharge, forfeitures or reduction.

Because no limitation was placed on forfeitures, Edwards was on notice that the court-martial might adjudge total forfeitures and the convening authority would be free to approve that portion of the sentence. However, since the pretrial agreement made no mention of a fine, he might reasonably have inferred that the convening authority could not approve a sentence which included forfeitures *and* a fine.

If Edwards construed the pretrial agreement in this manner, the advice given by the military judge was not adequate to place him on notice that the Government interpreted the agreement in a different manner. Consistent with the judge's advice, he could reasonably have concluded that (a) the adjudged sentence might include both forfeitures and a fine, and (b) in that event, the convening authority would be obligated to disapprove the fine because it was not authorized by the pretrial agreement.

Often, after a sentence has been adjudged, the military judge will review that sentence with the accused in light of the pretrial agreement. If, in doing so, the military judge had ascertained on the record that Edwards believed both total forfeitures and a fine could be approved by the convening authority, then our concern about a misunderstanding on his part would be eliminated. However, this did not occur, and we shall not "speculate as to the quantum of knowledge and understanding the accused possessed at the time." 18 M.J. at 189.

If the court-martial had adjudged a fine in lieu of forfeitures or together with partial forfeitures, the convening authority might have been free to approve the sentence. In *United States v. Sears, supra* at 191, we compared the amount of an approved fine with the amount of the forfeitures that might lawfully have been adjudged under a pretrial agreement. Because the former was less than the latter, we concluded that the accused had received the benefit of his bargain and remedial action was unnecessary. However, this approach cannot be utilized in the case at bar. Total forfeitures *plus* a $1,000.00 fine obviously exceeds total forfeitures alone—the maximum financial penalty to which Edwards was subject under one interpretation of the ambiguous pretrial agreement.

At this point the alternative remedies available are to set aside the guilty plea, findings, and sentence because of Government noncompliance with the pretrial agreement or to disapprove the $1,000.00 fine and otherwise affirm the findings and sentence. *See United States v. Williams, supra* at 189 (Everett, C.J., concurring). Because the latter choice is most practical at this point and because it fully gives the accused the benefit of his bargain, that is the option we will invoke.

The decision of the United States Army Court of Military Review is reversed as to that portion of the sentence imposing a fine of $1,000.00, and that fine is set aside. In all other respects, the decision below is affirmed.

Judge FLETCHER did not participate.