UNITED STATES

v.

Timothy S. LLEWELLYN, Electronics
Technician Second Class, U.S.
Coast Guard.

CGCMS 23889.
Docket No. 912.

U.S. Coast Guard Court of
Military Review.

9 Jan. 1989.

Trial Counsel: LCDR Carl V. Mosebach,
USCG.

Detailed Defense Counsel: LT N.E.
Grasselli, USCG.

Appellate Government Counsel: CDR
R.T. Buckingham, USCG.

Appellate Defense Counsel: LCDR
James Collin, USCG.

Before, Panel Two, BAUM, BARRY and
GRACE, Appellate Military Judges.

## DECISION

BAUM, Chief Judge:

Based on pleas of guilty entered pursuant to a pretrial agreement, appellant was convicted by special court-martial, judge alone, of one specification of using cocaine, one specification of wrongful sale of military property, one specification of larceny and one specification of housebreaking, in violation respectively of Articles 112a, 108, 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 908, 921, 930. The judge sentenced appellant to a bad conduct discharge, confinement for three months and reduction to pay grade E–2. The convening authority reduced the confinement to 60 days but otherwise approved the sentence as adjudged. Initially, counsel filed a brief in appellant's behalf challenging the

punitive discharge as inappropriately severe. Subsequently, after the government response was received, this Court ordered briefing of the following issue:

Did the convening authority's action on the sentence fall within the terms of the pretrial agreement's maximum sentence provision, as explained to the accused by the military judge during the trial?

That provision in its entirety reads as follows:

I, ET2 Timothy Llewellyn, offer to plead guilty provided the Convening Authority will: a. Approve no more than 60 days confinement.

After sentencing the accused, the judge looked at the pretrial agreement's sentence provision for the first time and explained it to the accused in the following manner:

MJ: The pretrial agreement contains only one limitation on sentencing and that is to approve no more than 60 days confinement. Is that the understanding to [sic] everyone? That's the total nature of the agreement with regards [sic] to sentencing limitations in this case.

TC: Yes, Your Honor.

DC: Yes, Your Honor.

MJ: This provision will be attached as Appellate Exhibit IV.

[The court reporter did as directed.]

MJ: Petty Officer Llewellyn. Is it your understanding that that's the limitation on sentencing that you have agreed to?

ACCUSED: Yes, Your Honor.

Record of trial at 126–27.

Since the agreement could be read as limiting the convening authority to approval of 60 days confinement and nothing more, particularly since the judge did not obtain the parties' understandings of what the convening authority could do with respect to the remainder of the sentence, we desired to hear more on this matter. Additional briefs have been filed and oral argument has now .been heard on the ordered issue.

■ The defense brief, without expressly contending that appellant misunderstood the pretrial agreement sentence provision, argues that the clear and unambiguous terms of the agreement, as confirmed by the judge's inquiry on the record, limited the convening authority to approving a sentence of sixty days confinement and nothing more. In this regard, he says that courts have uniformly held the government to the limitations it agrees to and sets out in pretrial agreements. The government, on the other hand, submits that, at most, the sentence provision is "arguably ambiguous" but that all parties clearly understood it to mean the convening authority could approve all aspects of the adjudged sentence, subject to only one limitation, that the duration of any confinement approved would not exceed 60 days. The government contends that public policy and the efficient administration of justice dictate that we steer clear of adopting a *per se* rule which would require interpretation of all arguably ambiguous sentence limiting provisions in a manner most favorable to an accused, without reference to the clearly manifested mutual intention and understanding of the parties. We agree that the mutual understanding of the parties, if it can be ascertained, should be determinative of the question.

■ For this reason, it is important for pretrial agreements to fully cover all contemplated actions in a manner that is clear to all concerned. Thereafter, it is incumbent upon trial judges, through inquiry of the accused, defense counsel and government counsel, to carefully establish understandings on the record. It is particularly important for judges, once a sentence has been imposed, to determine from the parties what action the agreement requires of the convening authority with respect to *that specific sentence*, and what other actions, if any, are permitted under the agreement. Both the written agreement and the judge's inquiry with regard to the sentence provision in this case fell far short of what we would like to see, leaving this Court with the task of discerning intentions from elsewhere in the record. That we may look beyond the four corners of the agreement and the judge's inquiry, we believe is clear from language in *United*

*States v. Williams*, 18 M.J. 186 (CMA 1984), as reaffirmed in *United States v. Edwards*, 20 M.J. 439 (CMA 1985). The specific language from *Williams, supra,* that we refer to was quoted in *Edwards* in the following manner:

> In *Williams*, [*United States v. Williams*, 18 M.J. 186 (CMA 1984)] we were concerned with the "elemental fair play" of imposing a fine as part of a sentence when the accused had no notice of any sort that this was a possibility. We held "that unless the pretrial agreement specifically mentions the possibility of a fine *or there is other evidence that the accused was aware that a fine could be imposed,* a general court-martial may not include a fine in addition to total forfeitures in a guilty-plea case unless the possibility of a fine has been made known to the accused during the providence inquiry." *Id.* at 189. *Accord United States v. Sears*, 18 M.J. 190 (C.M. A.1984); *United States v. Brown*, 1 M.J. 465 (C.M.A.1976). (Emphasis added).

*United States v. Edwards*, 20 M.J. 439 (CMA 1985)

We believe that when the U.S. Court of Military Appeals in both *Williams* and *Edwards* referred to "other evidence" that term certainly encompassed *other evidence of record* such as we have in the case before us.

Actions of defense counsel at both the trial and appellate levels belie an understanding that disapproval of the bad conduct discharge and the reduction to E–2 was required by the pretrial agreement. Defense counsel at each stage requested disapproval of the bad conduct discharge, the first time for clemency reasons and then before this Court on the ground that it is disproportionately severe. Not until we ordered the pretrial agreement issue briefed, was it argued that the agreement *required* disapproval of the discharge. We also note that trial defense counsel in his response to the legal officer's recommendation to the convening authority did not assert the pretrial agreement as foreclosing approval of anything in excess of 60 days confinement. Moreover, the judge advised

the accused of appellate rights that accrue to a special court-martial accused only if a bad conduct discharge is approved. No one at that point interposed an objection or clarification to the effect that the pretrial agreement required disapproval of the bad conduct discharge as well as the reduction to E–2. These are all matters of record bearing on the understanding of the parties.

■ In response to our order, appellate defense counsel has made a forceful and persuasive argument that pretrial agreement ambiguities should be resolved in favor of the accused. That may be the apparent thrust of certain opinions cited by appellant, but we are convinced that such cases should not be read as requiring resolution of ambiguities contrary to the clear understanding of the parties as reflected in the record. If the law may have appeared otherwise in the past, we certainly do not see it to be the case today. Instead, we believe the Court of Military Appeals endorses a common sense approach to review of the entire record which would allow a court of military review to determine the parties' understandings with respect to plea bargain provisions from answers and actions reflected at trial and after. Only if those understandings cannot be ascertained from that complete record review should a rule of interpretation most favorable to the accused be applied. We have now accomplished such a review and are completely satisfied that any ambiguities or shortcomings in the agreement and trial inquiry have been laid to rest by post trial actions on the part of counsel representing appellant. Again, however, we reiterate the importance of careful drafting of plea bargain provisions and thorough inquiries at trial to avoid problems of interpretation on review.

■ After our examination of the record, including post-trial submissions to the convening authority and pleadings before this Court, we are satisfied that approval of a bad conduct discharge was authorized as part of the plea bargain. We believe the parties understood the pretrial agreement to permit approval by the convening au-

thority of all elements of the sentence imposed, save confinement that exceeded 60 days. After weighing all aspects of this case, we are unable to say that the sentence of a bad conduct discharge, confinement for 60 days and reduction to pay grade E–2 is inappropriately severe in any respect for this accused and the offenses of which he has been found guilty. The findings and that sentence are determined to be correct in law and fact and on the basis of the entire record should be approved.

Accordingly, the findings of guilty and sentence, as approved below, are affirmed.

Judges BARRY and GRACE concur.