**UNITED STATES**

v.

**Andrew J. CZECK, Jr., 105 64 4523, Aviation Ordnanceman Second Class (E–5), U.S. Navy.**

**NMCM 88 2729.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 23 March 1988.

Decided 27 Jan. 1989.

Lt. Gregory J. O'Brien, JAGC, USNR, Appellate Defense Counsel.

Capt. Matthew J. Wheeler, JAGC, USNR–R, Appellate Defense Counsel.

**564**

Lt. Charles A. Polen, JAGC, USNR, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and STRICKLAND and RUBENS, JJ.

STRICKLAND, Judge:

In accordance with his pleas, appellant was convicted of two specifications of conspiracy, two specifications of failure to obey a regulation, and two specifications of wrongful use of a controlled substance in violation of Articles 81, 92, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 892, and 912a, respectively. All offenses were drug related. The military judge sentenced appellant to confinement for six months, a fine of $2,682.00, reduction to E-1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged, but suspended confinement in excess of forty-five days for twelve months.

On appeal, appellant asserts that he was not unjustly enriched and that the adjudged fine was therefore inappropriate. He cites decisions of this Court in which fines have been disapproved pursuant to this rationale. *See United States v. Huseby,* No. 87-4256 (NMCMR 30 June 1988); *United States v. Ward,* No. 88-0316 (NMCMR 21 June 1988). The government contends that a fine is appropriate and cites decisions of this Court in which fines have been upheld in the absence of unjust enrichment. *See United States v. Fender,* No. 88-0784 (NMCMR 22 August 1988); *United States v. Barcelo,* No. 88-1927 (NMCMR 25 July 1988); *United States v. Wait,* No. 88-1192 (NMCMR 25 July 1988); *United States v. Dutcher,* No. 88-1569 (NMCMR 25 July 1988).

█ A fine is a legal punishment which may be adjudged in any case in which a person has been found guilty of an offense by a court-martial. Rule for Courts–Martial (R.C.M.) 1003(a), Manual for Courts–Martial (MCM), United States, 1984. In a general court-martial, there is no limit[1] as to the amount of fine which may be imposed, *United States v. Williams,* 18 M.J. 186 (C.M.A.1984), and a special court-martial may impose a fine or both forfeitures and a fine as long as the total amount of money involved does not exceed the total amount of forfeitures authorized. *United States v. Harris,* 19 M.J. 331 (C.M.A.1985).

█ In military law, fines have historically been adjudged with a view to reimbursing the United States for a pecuniary loss suffered as a result of an offense committed by an accused. Winthrop, *Military Law and Precedents* 398 (2d ed. 1920). Article 60 of the American Articles of War of 1806 specifically designated fines as suitable punishment for crimes involving fraud, embezzlement, theft or wrongful disposition of property of the United States. *Id.,* at 991. Association of fines with the term "unjust enrichment" first appears in the 1949 Manual for Courts–Martial, U.S. Army, indicating that a fine should not ordinarily be adjudged unless an accused has been unjustly enriched. Manual for Courts–Martial, U.S. Army, 1949, Paragraph 117c, Section B. Similar language was set forth in Manual for Courts–Martial (MCM), United States, 1951, Paragraph 127, Section B; was carried forward to MCM, 1969 (Revised edition), Paragraph 126*h*; and is presently found in R.C.M. 1003(b)(3) *Discussion,* MCM, 1984. These provisions for limiting fines to instances where there has been unjust enrichment have been interpreted as advisory rather than mandatory. *United States v. Cuen,* 9 U.S.C.M.A. 332, 26 C.M.R. 112 (1958); *Williams, supra. See also,* Part 1, Paragraph 4 *Discussion,* MCM, 1984.

This court has set aside fines on the basis of this nonmandatory rationale concerning unjust enrichment because, although advisory, it nevertheless represents guidance which has supplemented the Manual since its inception and we have given it due deference in exercising our responsibility under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to affirm only appropriate sen-

---

1. An exception would be a limit based on cruel and unusual punishment in violation of U.S. CONST., Amend. 8.

tences.[2] *See Huseby* and *Ward, supra.* We have carefully considered the circumstances of each case, however, and have set aside fines only where there is no evidence of unjust enrichment or *any other good reason for a fine* (emphasis added). *Huseby, supra; United States v. Gilbert,* No. 88–1520 (NMCMR 30 August 1988); *United States v. Espineira,* No. 88–1410 (NMCMR 7 September 1988). Unjust enrichment, then, is only one factor to consider in determining the appropriateness of a fine. This was recognized in *Cuen, supra,* 117 n. 5, where the court noted:

> ... it would appear that the draftsmen of the Manual, by use of the term "ordinarily," contemplated that there would be cases in which a fine would be adjudged even though unjust enrichment of the accused was not present.

Examples of some additional factors[3] which might be considered include whether the accused caused damage to government property or to private property where the potential exists that a claim would be filed against the government, and whether there exists a pretrial agreement in which the adjudication of a fine has been contemplated by the accused and the convening authority. Where such a pretrial agreement exists, and where the military judge has expressly questioned the accused and received assurances that the accused understands that a fine could be awarded and approved, we have upheld a fine as a permissible sentence element where the accused was not unjustly enriched. *United States v. Ford,* 12 M.J. 636 (NMCMR 1981). *Cf. Williams, supra* and *United States v. Edwards,* 20 M.J. 439 (C.M.A.1985). Allowing an accused to bargain away any protection against the imposition of a fine in a case where there has been no unjust enrichment certainly does not deprive the accused of a substantial right. *See* R.C.M. 705(c)(1)(B), MCM, 1984. At most, this re-

sults in an agreement that is inconsistent with nonbinding guidance. Under these circumstances, we find this inconsistency to be insufficient to set aside a fine. To rule otherwise would allow an accused, in negotiating with the convening authority, to offer to accept whatever fine was imposed in return for limiting another form of punishment and later, after receiving the benefit of the pretrial agreement, cry foul on the theory there was an absence of unjust enrichment. Such a result would be unacceptable.

■ Turning to this case, the appellant negotiated a pretrial agreement with the convening authority which contains a term that the convening authority could approve whatever fine was adjudged.[4] The military judge expressly discussed with appellant the possibility that a fine could be imposed and it is clear that the appellant understood this provision. The military judge found that appellant freely and voluntarily entered into the agreement and that the agreement was not contrary to public policy or the judge's own notions of fundamental fairness. Appellant was sentenced, *inter alia,* to six months of confinement and, as a result of the pretrial agreement, the convening authority was required to suspend confinement in excess of forty-five days. Appellant clearly reaped the benefits which he sought from this agreement. We specifically find that a fine was appropriate under these circumstances.

We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.

Judge RUBENS concurs.

---

**2.** We do not find, however, that this nonmandatory guidance renders a fine *per se* inappropriate in the absence of unjust enrichment.

**3.** We need not enumerate all possible factors which might be considered in determining the appropriateness of a fine since it is not necessary for the disposition of this case. In any event, this determination must be made in each

individual case based on the specific circumstances present.

**4.** It appears that it was of paramount importance to appellant to limit confinement since he agreed that all other forms of punishment listed could be approved as adjudged.

COUGHLIN, Senior Judge (concurring in part/dissenting in part):

I concur in the affirmance of the findings as well as the sentence with the exception of the fine of $2,682.00 which I would set aside as inappropriate. Article 66(c), Uniform Code of Military Justice.

This Court may only approve sentences that are both legal and appropriate. The fine is legal but inappropriate in this case since there is no evidence of unjust enrichment or any other good reason for a fine. *See* Rule for Courts–Martial (R.C.M.) 1003(b)(3), *Discussion*, Manual for Courts–Martial (MCM), United States, 1984; *United States v. Epineira*, No. 88–1410 (NMCMR 7 September 1988); *United States v. Gilbert*, No. 88–1520 (NMCMR 30 August 1988); and *United States v. Huseby*, No. 87–4256 (NMCMR 30 June 1988).

The majority concludes that the fine is appropriate and should be affirmed, regardless of the long standing policy presently set forth in the *Discussion* of R.C.M. 1003(b), because of two factors: (a) a pretrial agreement exists permitting the convening authority to approve the fine and, (b) the military judge expressly questioned the accused and received assurances that the accused understands that a fine could be awarded and approved. As for factor (b), the military judge's questioning of the accused with respect to his knowledge that a fine could be awarded took place prior to the acceptance of the guilty plea and relates solely to the issue of whether the accused's plea was a knowing one. That is, did the accused know that if he is found guilty pursuant to his plea, the trial court could "legally" sentence him to a fine? This has no bearing on the appropriateness of a sentence to a fine since that issue is considered during the post-finding, presentencing stage of the trial and is based on the offenses committed and evidence in mitigation, extenuation, and aggravation. As for factor (a), the military judge's questioning the accused and receiving assurance of his awareness that the convening authority may approve a fine took place during the post-sentencing stage of a trial and went solely to the issue of what portions of the sentence already adjudged may be "legally" approved by the convening authority in view of the pretrial agreement. Thus, at the point of adjudging a sentence to a fine, the military judge was unaware that the pretrial agreement provided for approval of a fine and had not received assurances from the accused that he understood that the convening authority could approve a fine based on the pretrial agreement. That being the case, these factors cannot weigh in the military judge's decision (or ours) as to whether a fine is an appropriate sentence.

Finally, contrary to the view of the majority, neither a pretrial agreement providing for a fine nor the accused's understanding that a fine is a "legal" punishment, can transform an otherwise inappropriate sentence into an appropriate sentence.

Both military judges and convening authorities are well aware (or at least should be) of the long standing policy that a fine is normally an appropriate punishment only in cases where the accused is unjustly enriched as a result of the offense he has committed. It therefore behooves a military judge to take this into account upon sentencing and the convening authority to do so when he enters into a pretrial agreement and when he takes action on the sentence. It is their failure to properly consider the directory policy on fines that leads this Court to take corrective action rather than any "cry of foul" from the lips of the accused.

In my view, the consequences of majority's decision is to no longer require "another good reason" for imposing a fine in the absence of unjust enrichment. Their approval of the fine is not based on either the offenses or on the aggravating circumstances surrounding their commission, but rather on factors irrelevant to the issue of appropriateness.