**UNITED STATES**

**v.**

**Paul S. JONES, 560 98 0418, Air Traffic Controller First Class (E–6), U.S. Navy.**

**NMCM 88 3942.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 25 March 1988.

Decided 12 May 1989.

LT Nicholas Fitzgerald, JAGC, USNR, Appellate Defense Counsel.

LT Robert A. Kemins, JAGC, USNR, Appellate Government Counsel.

Before RILEY, Senior Judge, and McLERAN and MIELCZARSKI, JJ.

McLERAN, Judge:

A special court-martial with members found the accused guilty, following mixed pleas, of an unauthorized absence of two hours duration, using provoking words, and two separate assaults. Following sentencing instructions which included a brief explanation of the differences between forfeitures and a fine, the members sentenced the accused to a bad conduct discharge, confinement at hard labor for 78 days, reduction to E–1, and a fine of $1,500.

The sentencing instructions contained only the following information relative to forfeitures and a fine:

The maximum punishment which you may impose for these offenses is as follows: .... Forfeiture of two-thirds pay per month for six months; or a fine in an amount not to exceed the total amount of forfeitures that could be adjudged; or a combination of fines and forfeitures, the total amount not to exceed the total amount of forfeitures which could be adjudged.... Forfeiture of pay is a permanent loss of a specified amount of accused's pay for a certain period of time. It applies to pay becoming due after the convening authority approves your sentence. A fine is a judgment or debt with the United States imposed on an accused which becomes due it [sic] its entirety only after review and approval by all appropriate reviewing authorities and the fine is ordered executed. Forfei-

tures terminate when the accused is discharged or released from the naval service. A fine does not.... If the accused is reduced to pay grade E–1, the maximum monthly forfeitures would be $447 dollars per month.

The military judge also advised the members that the accused had been in pretrial confinement for 78 days and that the convening authority was required to grant administrative credit for that period of pretrial confinement. Neither counsel, when asked, objected to the sentencing instructions. The sentencing worksheet contained provisions for both forfeitures and a fine. Neither counsel argued the appropriateness of a fine.

The assignment of error concerns the appropriateness of that portion of the sentence extending to a fine of $1,500 where there is no evidence that the accused was unjustly enriched as a result of the offenses of which he was convicted. Appellate defense counsel argues that the record fails to show good cause for a fine to be imposed and is therefore improper.

Rules for Courts–Martial (hereinafter R.C.M.) 1003(b)(3) provides that "[a]ny court-martial may adjudge a fine instead of forfeitures."[1] The discussion following that rule is the current source of the oft-quoted "rule" that "a fine normally should not be adjudged against a member of the armed forces unless the accused was unjustly enriched...." This limitation has been interpreted as advisory rather than mandatory;[2] consequently, we have set aside fines in the absence of unjust enrichment only when there is also an absence of other good reason for the fine in the specific case.[3] Where other good reason has been found to exist, fines have been upheld as appropriate.[4]

The fine and the advisory language of the discussion following R.C.M. 1003(b)(3) has created an anomaly in the court-martial review process, for not only do the normal rules of sentence appropriateness under Uniform Code of Military Justice (hereinafter UCMJ) Article 66(c), 10 U.S.C. § 866(c) apply, but a further requirement is superimposed on appropriateness which suggests the existence of a factor specifically to justify the imposition of the fine. In this case, the amount of the fine is well below the maximum which could have been adjudged. There is no evidence of unjust enrichment. The record is devoid of any verbalized rationale from the military judge, counsel or the members from which we might gain some insight into the thought process which lead to the imposition of the fine. Although such a verbalization is not required, the military judge who instructs on or considers the possibility of a fine, or the counsel who argues for a fine, could help minimize the appellate judicial speculation which currently takes place with some regularity when a fine is adjudged in the absence of clear unjust enrichment by providing some justification on the record.[5] There is no reason to speculate that adjudging the fine rather than a forfeiture was due to ignorance or without reason in this case, however, for the record of trial leads us to the inescapable conclusion that the members knew exactly what they wanted to do and what they wanted to avoid in fashioning an appropriate punishment for this accused. They had been told as part of the sentencing instructions that a fine was a debt to the United States whereas forfeitures terminate upon discharge; they had been instructed that the accused was entitled to a pretrial credit of 78 days against any adjudged confinement; they knew that the amount of the fine could not exceed the

---

**1.** See also, United States v. Olson, 25 M.J. 293, 298 (C.M.A.1987). "[U]njust enrichment is not a legal requirement for a fine...."

**2.** United States v. Cuen, 9 U.S.C.M.A. 332, 26 C.M.R. 112 (1958); United States v. Williams, 18 M.J. 186 (C.M.A.1984).

**3.** United States v. Huseby, No. 87–4256 (NMCMR 30 June 1988); United States v. Gilbert, No.

88–1250 (NMCMR 30 August 1988); United States v. Espineira, No. 88–1410 (NMCMR 7 September 1988).

**4.** See United States v. Czeck, 28 M.J. 563 (NMCMR 1989).

**5.** Cf. Czeck, supra (Coughlin, S.J., dissenting).

maximum amount of forfeitures. With this information they fashioned a sentence which they assumed would result in the accused's release from active duty and at the same time impose a meaningful monetary punishment—the only way they could accomplish the latter was by imposing a fine which would survive the accused's anticipated discharge. In this case, we believe that the sentence to a fine was appropriate, especially in light of the military judge's instructions, given without objection [6], which never mentioned the concept of unjust enrichment. Considering all of the above, our statutory direction under Article 66(c), UCMJ, and the advisory language in the Discussion following R.C.M. 1003(b)(3), we conclude the imposition of a fine was legal and appropriate.

The findings and sentence are correct in law and that no error materially prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.

Senior Judge RILEY and Judge MIELCZARSKI concur.

6. Although we have decided this issue solely on the basis of the appropriateness of a fine under the circumstances of this case, we note trial defense counsel's waiver of the issue by failing to object to the judge's instruction regarding fines set forth in the text of the opinion, and the absence of plain error. *See* R.C.M. 1005(f).