# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES
### v.
### Paul S. SUTPHIN

### Food Service Specialist Third Class, U.S. Coast Guard

### CGCMG 0122
### Docket No. 1081
### 8 December 1998

General Court-Martial convened by Commander, Fourteenth Coast Guard District. Tried at Honolulu, Hawaii, on 10-18 May 1996.

| | |
|---|---|
| Military Judge | CAPT Lane I. McClelland, USCG |
| Trial Counsel | LCDR Frederick W. Tucher, USCG |
| Detailed Defense Counsel | LT Christopher C. French, JAGC, USNR |
| Appellate Defense Counsel | LT Richard R. Beyer, USCGR |
| Appellate Government Counsel (1st Brief) | LT William G. Rospars, USCG |
| Appellate Government Legal Intern (1st Brief): | LT William D. Hennessy, USCG |
| Appellate Government Counsel (2nd Brief & Argued) | LT Benes Z. Aldana, USCGR |

### BEFORE
### PANEL FOUR

### BAUM, KANTOR, AND WESTON
Appellate Military Judges

WESTON, Judge:

Appellant was tried by a general court-martial comprised of officer and enlisted members. After the close of the Government s case, Appellant changed his pleas from not guilty to guilty. Pursuant to his changed

pleas of guilty, he was convicted of single violations of Articles 116, 120, 121, 128, 129, 130, and two specified violations of Article 134, UCMJ. The members sentenced Appellant to a dishonorable discharge, reduction to pay grade E-1, forfeiture of all pay and allowances, a fine of $5,000, and confinement for 10 years. The convening authority approved this sentence, except, in accordance with a pretrial agreement, confinement exceeding six years was suspended for a period of 18 months.

Appellant has assigned two errors before this Court. His first claim of error, which was orally argued, is that the imposition and approval of the sentenced fine was not permissible due to the absence of fair notice that a fine could be imposed notwithstanding the pretrial agreement. The second assigned error is a claim that the Government has illegally applied Article 57(a)(1), *ex post facto*, by withholding Appellant s pay prior to the convening authority s action. We agree with Appellant on both claims of error.

I.

THE FACTS

Appellant initially contested the charges against him, but, at the conclusion of the Government s case, he entered into a pretrial agreement with the convening authority and pleaded guilty to charges arising from using a key stolen from the Base Master-at-Arms office to gain entry into the barracks room of a fellow Coast Guard member, who he assaulted and raped. He also pleaded guilty to several lesser offenses committed on prior occasions: a breach of the peace, communicating a threat to injure another person, and a separate assault on the victim. All of the offenses occurred in 1995.

The pretrial agreement in its second paragraph describes the five parts of the sentence that are covered by the agreement. One of the five parts was characterized as "amount of forfeiture or fine" and the last part described was "any other lawful punishment (which shall expressly include, among others, any enforcement provisions in the case of a fine)." The last page of the agreement details the sentence limitation, and follows the same pattern of the five categories that were "expressly understood" to constitute the sentence for purposes of the agreement. The part corresponding to the category of "forfeiture or fine" included forfeitures of pay and allowances as being permitted under the agreement, but did not mention the possibility of a fine. The last category of the sentence limitation provision simply provided that, "All other lawful punishments, if adjudged, may be approved."

The military judge did not ask the Appellant either before or after sentencing whether he understood the pretrial agreement to allow the approval and imposition of a fine in this case. However, the military judge did explain to the Appellant that the sentence limitation in the pretrial agreement represented a ceiling on the punishment that could be imposed. Record at 1281. When the defense counsel stated for the record his advisement of Appellant concerning the maximum punishment possible, he made no mention of the possibility of a fine. Record at 1252. Trial counsel agreed that the defense counsel s statement of the maximum possible punishment was correct. *Id.* The military judge then went on to repeat this same misstatement of the maximum possible sentence. *Id*. Conversely, during her sentencing instructions to the members, the military judge correctly stated that both a fine and forfeitures could be included in their sentence. Record at 1348.

## II.

## NO NOTICE OF THE POTENTIAL FOR A FINE

Appellant claims that the $5,000 fine approved in this case must be set aside because there is no indication that he was aware that both a fine and forfeitures of pay and allowances could be imposed and approved. Citing *U.S. v. Williams*, 18 M.J. 186 (CMA 1984) as controlling precedent, the Appellant urges that there is no evidence that he was on notice this punishment could be approved. Although the Government strenuously argues that the pretrial agreement and the military judge s instructions on sentence gave the Appellant adequate notice that a fine might be approved in his case, we find the context of these, and other dialogue, in the record rather strongly suggest a contrary inference.

A careful reader of the pretrial agreement can easily conclude that a fine is not within the range of punishments that can be approved under that agreement. The agreement identifies the five parts of a sentence covered by the agreement, one of which is the "amount of forfeiture or fine." App. Ex. LIII at p.1. However, the sentence limitation portion of the agreement, which parallels that same five part categorization, makes no mention of a fine. Rather, the portion of the sentence limitation applicable to the fine and forfeiture category stated, "Forfeiture of pay, if adjudged, may be approved." App. Ex. LIII at p.5. A reasonable inference of this sentence limitation regarding the "forfeitures or fine" part is that only forfeitures may be approved. The fact that it can reasonably be so interpreted undercuts the Government s argument that the pretrial agreement evidences an awareness that a fine could be approved in this case.

The Government s attempts to distinguish and explain why *Williams* does not control the result here are unpersuasive, and its reliance on this Court s decision in *U.S. v Llewellyn*, 27 M.J. 825 (CGCMR 1989) is misplaced. After being advised by the military judge that the sentence limitation in the pretrial agreement operated as a ceiling on the punishment that could be approved, Appellant would have no reason to be alarmed at the mention of a fine in the sentencing instructions. It would be entirely reasonable for him to conclude that even if a fine was adjudged it could not be approved under the pretrial agreement. As was made plain in *U.S. v. Edwards*, 20 M.J. 439 (CMA 1985), given the possibility of such an understanding we cannot infer the Appellant s awareness from his silence on this point after sentencing. Since the military judge did not explore the Appellant s understanding of what the convening authority was required to do with respect to the fine under the pretrial agreement, we are not prepared to speculate about his understanding. See *Edwards* at 440.

## III.

## *EX POST FACTO* APPLICATION OF ARTICLE 57(a)(1), UCMJ

In his other assignment of error, Appellant, whose adjudged sentence includes both reduction to pay grade E-1 and total forfeitures, contends that he was, wrongfully deprived of pay and allowances through the *ex*

*post facto* application of Article 57(a)(1), UCMJ. The U.S. Court of Appeals for the Armed Forces has held that the execution of an adjudged punishment fourteen days after sentencing pursuant to Article 57(a)(1), UCMJ, violates the U.S. Constitution s prohibition against *ex post facto* laws, when applied to an accused whose offenses preceded the effective date of that Article. *U.S. v. Gorski*, 47 M.J. 370, 374 (1997). That decision and this Court s decision in *U.S. v. Collova*, 47 M.J. 829 (C.G.Ct.Crim.App. 1998) control the outcome here, since Appellant s offenses were committed before the effective date of Article 57(a)(1). Accordingly, any loss of pay and allowances by Appellant due to the earlier execution of sentenced forfeitures or the reduction in grade pursuant to Article 57(a)(1), UCMJ, constitutes an *ex post facto* application of that Article warranting remedial action. Any such loss of pay and allowances will be restored.

## IV.

## CONCLUSION

In summary, we agree with the conclusions posed by the Appellant. The approved sentence should not include the adjudged $5,000 fine, and *Gorski* mandates the administrative restoration of any loss of pay and allowances due to forfeitures or a reduction in pay grade prior to the convening authority s action. We also note that since the convening authority s promulgating order did not correctly state the adjudged sentence, that order should be corrected to reflect the sentenced reduction in pay grade to E-1 and reissued. However, this error did not affect the convening authority s action on the sentence.

We have reviewed the record in accordance with Article 66, UCMJ, and have determined the findings to be correct in law and fact, and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty are affirmed. The sentence, as approved and partially suspended below, must be modified. Only so much of the sentence approved below as provides for a dishonorable discharge, forfeiture of all pay and allowances, and confinement for ten years, with execution of all confinement in excess of six years suspended for 18 months, is affirmed. Collection of any forfeitures, and execution of the reduction of grade prior to the date of the convening authority s action are hereby declared illegal. Any forfeitures already collected from Appellant and any pay and allowances withheld because of the illegal reduction in grade will be restored.

Chief Judge BAUM and Judge KANTOR concur.

For the Court

/S/
*Brian Johnson*
Clerk of the Court

U.S. v. Sutphin