# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### Aaron M. FREEMAN
### Seaman Recruit (E-1), U.S. Coast Guard

## CGCMS 24235

## Docket No. 1174

## 20 March 2003

Special Court-Martial convened by Commanding Officer, U.S. Coast Guard Group Moriches, Station Fire Island. Tried at Babylon, New York, 15 May 2002.

| | |
|---|---|
| Military Judge: | CDR Michael J. Lodge, USCG |
| Trial Counsel: | LCDR Sean P. Gill, USCG |
| Assistant Trial Counsel: | LTJG Christopher F. Coutu, USCG |
| Detailed Defense Counsel: | LT Robert Attanasio, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Daniel J. Goettle, USCG |

### BEFORE
### PANEL ONE
### BAUM, KANTOR, & CAHILL
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, judge alone. Pursuant to his guilty pleas, entered in accordance with a pretrial agreement, he was convicted of the following offenses: one specification of conspiracy with Coast Guard Fireman Apprentice James R. Frye to commit larceny of $600 from a Coast Guard shipmate, in violation of Article 81, Uniform Code of Military Justice (UCMJ); one specification of larceny of a shipmate's Automated Teller Machine (ATM) card, and two specifications of larceny of $100 from that shipmate, in violation of Article 121, UCMJ. The military judge sentenced Appellant to a bad conduct discharge (BCD), confinement for four months, and a fine of $300. The convening authority approved the BCD, the fine of $300, and a reduced period of confinement of 75 days, which was within the terms of the pretrial agreement. Before this Court, Appellant has assigned three errors, all of which are rejected as described below.

In his first assignment of error (AOE), Appellant claims the record is ambiguous as to the amount of the approved fine because, while the convening authority's action approves a $300 fine, the promulgating order recites that the adjudged sentence included a fine of only $200. Appellant asserts these conflicting amounts create ambiguity that should be resolved in Appellant's favor. He also notes the Chief Counsel's referral to this Court recited that Appellant was sentenced to and the convening authority approved a $200 fine. Unfortunately, this Court is called upon again to address preventable errors in post-trial processing. The government has attached an affidavit in which the convening authority states his intent to approve a fine of $300, and that the $200 amount in the promulgating order was a typographical error. However, we need not rely upon the affidavit to resolve this issue. Rule for Courts-Martial (RCM) 1107 provides for a convening authority's action on sentence, while RCM 1115 requires issuance of a promulgating order as a formal record of the trial and sentence. Here, the convening authority's action and the recitation of the action in the promulgating order both expressly state that the convening authority approved a fine of $300. Previously, in *United States v. Williams*, we held no relief was warranted despite an error in a promulgating order when the convening authority's action approved the adjudged sentence. *United States v. Williams*, 54 M.J. 757, 758 (C.G. Ct. Crim. App. 2001) (convening authority's action approved 180 days confinement while promulgating order indicated six months' confinement). Similarly, in *United States v. Sutphin*, we noted the promulgating order did not correctly state the adjudged sentence, and directed a corrected promulgating order be issued. *United States v. Sutphin*, 49 M.J. 534, 536 (C.G. Ct. Crim. App. 1998). We find that the convening authority's action unambiguously approved a fine of $300. The promulgating order's failure to correctly state the adjudged sentence did not create ambiguity in the approved sentence. The promulgating order should be corrected, however, to accurately reflect the adjudged sentence.

In his second AOE, Appellant claims a fine is inappropriate punishment where Appellant has made full restitution and thus was not "unjustly enriched." We disagree. We are not limited to approving a fine only when there has been unjust enrichment. *United States v. Cuen*, 9 U.S.C.M.A. 332, 337, 26 C.M.R. 112, 117 (C.M.A. 1958); *United States v. Williams*, 18 M.J. 186, 189 (C.M.A. 1984). Nevertheless, we believe that Appellant in this case was unjustly enriched despite his voluntary restitution after the thefts were discovered. The use of wrongfully obtained cash from the time the theft occurred to the time Appellant finished making restitution to the victim was unjust enrichment. Furthermore, Appellant also did not compensate his victim for the ATM service fees she incurred when he wrongfully obtained cash from her account. He, thus, was also unjustly enriched by avoiding these fees for the cash he withdrew.

In his third AOE, Appellant claims there is no evidence that the convening authority considered clemency materials submitted by the Appellant. This issue is resolved by an affidavit of the convening authority, submitted by the government, which states that the convening authority did consider all of the clemency materials submitted by defense, in addition to the record of trial and the recommendation of the staff judge advocate, before acting on the record. *United States v. Spears*, 48 M.J. 768, 776 (A.F. Ct. Crim. App. 1998) *overruled in part by, United States v. Owen*, 50 M.J. 629, 630 (A.F. Ct. Crim. App. 1998) (en banc).

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings of guilty and sentence approved below are correct in law

and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and sentence approved below are affirmed. In addition, the convening authority is directed to issue a supplementary court-martial order properly reflecting the adjudged fine.



For the Court,

Roy Shannon, Jr.
Clerk of the Court