*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HUTCHISON, TANG, and LAWRENCE,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Gabriel C. PARKER**
Private First Class (E-2), U.S. Marine Corps
Appellant

**No. 201800066**

Decided: 27 June 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Lieutenant Colonel Emily A. Jackson-Hall, USMC. Sentence adjudged 29 December 2017 by a special court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence approved by convening authority: reduction to E-1, a fine of $4,805.00, confinement for 185 days,[1] and a bad-conduct discharge.

For Appellant: Lieutenant Commander Derek Hampton, JAGC, USN.

For Appellee: Lieutenant Jonathan Todd, JAGC, USN; Lieutenant Kimberly Rios, JAGC, USN.

---

[1] The Convening Authority suspended confinement in excess of time already served as of the date of trial pursuant to a pretrial agreement, which was 183 days.

_____

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

The appellant was found guilty, pursuant to his pleas, of one specification of willfully disobeying a superior commissioned officer, two specifications of wrongful use of a controlled substance, one specification of wrongful possession of a controlled substance, and one specification of assault upon a non-commissioned officer, in violation of Articles 90, 112a, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 890, 912a, and 928 (2012).

The appellant asserts two assignments of error (AOEs): (1) the trial counsel improperly argued that the military judge should award a fine in the exact amount of the pay he received during a period of pretrial confinement and (2) the sentence of a $4805.00 fine is inappropriately severe. We find merit in the second AOE, and we take corrective action in our decretal paragraph which renders the first AOE moot.

## I. BACKGROUND

The appellant was subjected to pretrial confinement from 26 May 2017 until 30 August 2017. He was released because he reached an agreement with the convening authority to be administratively separated from the Marine Corps with an Under Other Than Honorable Conditions characterization of service in lieu of a court-martial. However, following his release from pretrial confinement, there was significant delay in executing his administrative discharge. He committed additional misconduct by wrongfully using marijuana and assaulting a noncommissioned officer. As a result, his pending administrative discharge was cancelled, and the appellant was returned to pretrial confinement on 29 September 2017, where he remained for 82 days until his trial on 20 December 2017. By the date of trial, the parties agreed that the appellant was entitled to 183 days of pretrial confinement credit pursuant to *United States v. Allen,* 17 M.J. 126 (C.M.A. 1984).

During the sentencing argument, the trial counsel argued:

> However, given that a reduction in rank from a prior [nonjudicial punishment] and the first 90-plus days of [pretrial] confinement failed to correct the [appellant's] behavior, the gov-

ernment asks for the inclusion of a fine of $4,805.54. That amount is approximately what he was paid during the 82 days of his second stint in the brig, which, again, occurred after his separation from the Marine Corps had been approved.[2]

The military judge awarded a sentence that included a fine of $4,805.00.

## II. DISCUSSION

Under Article 66(c), UCMJ, we may only affirm "the sentence or such part or amount of the sentence," that we determine, "on the basis of the entire record, *should be approved*." 10 U.S.C. § 866(d)(1) (2012) (emphasis added). In determining whether a particular sentence should be approved, our analysis requires an "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (internal quotations and citation omitted). Although we have significant discretion in reviewing the appropriateness and severity of the adjudged sentence, we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010). "Clemency involves bestowing mercy—treating an accused with less rigor than he deserves," while reviewing an appellant's sentence for "[s]entence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

It is well-established that service members in pretrial confinement are generally entitled to pay.[3] Had the appellant served the entirety of his enlistment contract, the appellant's end of active service date would have been 12 December 2020.

Article 13, UCMJ, prohibits unlawful pretrial punishments. The Court of Appeals for the Armed Forces (CAAF) has "interpreted Article 13 to prohibit two types of activities," and the one pertinent to this case is the prohibition against "the intentional imposition of punishment on an accused prior to tri-

---

[2] Record at 53.

[3] Department of Defense Financial Management Regulation, Department of Defense Directive 7000.14-R, Volume 7A, Chapter 1 at 010402.F (April 2017) (indicating that military pay is due to military confinees except those held for civil authorities, those subject to forfeitures adjudged at court-martial, and those whose term of enlistment has expired).

al." *United States v. Fischer,* 61 M.J. 415, 418 (2005). A reviewing court looks to whether the official action "entails a purpose or intent to punish an accused before guilt or innocence has been adjudicated," and it evaluates whether the government action is "reasonably related to a legitimate governmental objective." *Id.* (citations omitted).

Had the government deliberately stopped the appellant's pay prior to trial, with the intent to punish him, such action would constitute a clear case of illegal pretrial punishment.

In this case, a fine *could* certainly be an appropriate punishment. "*Any* court-martial may adjudge a fine" subject to certain limitations. RULE FOR COURTS-MARTIAL 1003(b)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016) (emphasis added). Although the discussion to R.C.M. 1003(b)(3) indicates that "[a] fine normally should not be adjudged . . . unless the [appellant] was unjustly enriched as a result of the offense of which convicted," the discussion is non-binding. The CAAF has approved the imposition of fines in cases in which the appellant was not unjustly enriched. *See United States v. Stebbins,* 61 M.J. 366, 370 (C.A.A.F. 2005). The appellant implicitly conceded the propriety of a fine as punishment by signing a pretrial agreement with the convening authority that permitted the convening authority to approve a fine, if adjudged.[4] *See United States v. Czeck,* 28 M.J. 563, 565 (N.M.C.M.R. 1989).

However, although a fine *could* be an appropriate punishment, on the facts of this case we conclude that it was not. The trial counsel specifically asked the military judge to impose the approximate amount of pay the appellant received during his past 82 days of pretrial confinement, down to the last 54 cents. The military judge, presumably realizing it was improper to impose fines in partial dollar amounts, truncated the fine to $4,805.00.

By following the trial counsel's suggestion to impose a fine in the exact amount of the appellant's pay during pretrial confinement, the military judge effectively accomplished what would have constituted illegal pretrial punishment if done before trial. This action served to undercut the mandate in the Financial Management Regulation that service members are entitled to pay during military pretrial confinement. To be clear, a $4,805.00 fine is not inherently unreasonable given the notorious and ongoing nature of the appellant's misconduct. However, because the trial counsel's argument—and the military judge's apparent assent to that argument—demonstrates that the

---

[4] Appellate Exhibit III.

fine was imposed to claw back nearly every cent the appellant was paid during pretrial confinement, we find the sentence was inappropriately severe, having been imposed for an improper purpose.

Our conclusion is reinforced by the trial counsel's argument that the appellant's first term of pretrial confinement "failed to correct" the appellant's behavior.[5] This argument suggests that the appellant's pretrial confinement was a form of punishment meant to correct his behavior rather than a means to ensure his presence at trial or to prevent him from engaging in serious criminal conduct. *See* R.C.M. 305(h)(2)(B). In short, the trial counsel argued that the appellant did not deserve to receive the pay he was legally entitled to during pretrial confinement, and the military judge apparently agreed.

We find unpersuasive the government's citation to *United States v. Moly*, No. 201200316, 2012 CCA LEXIS 930 (N-M. Ct. Crim. App. 20 Dec 2012) (unpub. op.). In *Moly,* we affirmed a sentence that included a $1,000.00 fine. *Id.* at *5. The appellant challenged the fine as roughly equivalent to the pay he received in pretrial confinement. We held it was not improper to impose such a fine because there was substantial evidence that Moly deliberately went into an unauthorized absence status in order to prolong his time on active duty before being placed on appellate leave, following a previous court-martial conviction. He confided to his parents during recorded calls from the brig that he had financial trouble, knew he would receive pay in the brig, and deliberately took actions to prolong his time on active duty in order to make additional money. *Moly* is distinguishable from this case; there is no evidence that the appellant purposely committed additional misconduct while he was awaiting discharge in order to prolong his time on active duty so that he could continue to receive pay.

Thus, given the unique circumstances of this case, we determine that the fine should be disapproved and take corrective action in our decretal paragraph.

### III. Conclusion

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings are correct in law and fact. We affirm only so much of the sentence that includes a reduction to E-1, confinement for 185 days, and a bad-conduct discharge. The adjudged fine of

---

[5] Record at 53.

$4805.00 is disapproved. Following this action, we find no error materially prejudicial to the appellant's substantial rights remains. Arts. 59 and 66, UCMJ. Accordingly, the findings and sentence as modified by this court are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court